**WALKER et al. v. HOUSTON ELECTRIC CO.**

No. 11276.

Court of Civil Appeals of Texas. Galveston.
Oct. 30, 1941.

Rehearing Denied Nov. 20, 1941.

Fred Parks and F. F. Benton, both of Houston (Burris & Benton, of Houston, of counsel), for appellants.

William R. Brown and J. C. Hutcheson, III, both of Houston (Baker, Botts, Andrews & Wharton, of Houston, of counsel), for appellee.

MONTEITH, Chief Justice.

This action was brought by the surviving widow, children and father of Walter Walker, deceased, for damages for his alleged wrongful death, and by the surviving widow and children of the deceased as his heirs at law, to recover damages for personal injuries preceding and alleged to have resulted in his death as the result of the negligent operation of a bus driven by an employee of appellee, Houston Electric Company.

The suit grew out of a collision which occurred at the intersection of Sampson Street and Harrisburg Boulevard in the City of Houston between a City of Houston fire truck driven by Walter Walker, which was proceeding in a southerly direction on Sampson Street, and a bus driven by an employee of appellee, Houston Electric Company, which was proceeding in a westerly direction on Harrisburg Boulevard. Both Sampson Street and Harrisburg Boulevard were heavily travelled paved streets. The intersection in question was protected by a signal system for the control of traffic by the use of red, green and yellow lights, maintained by the City of Houston. The fire truck driven by Walter Walker entered said intersection without stopping,

ahead of the bus, and on a red light. The bus entered the intersection on a green light. The right front of the bus struck the fire truck in front of its left rear wheel.

In answer to special issues submitted, the jury found that the injuries sustained by Walter Walker in the collision in question were not a cause of his death. They found, in answer to numerous issues as to negligence of the driver of appellee's bus and contributory negligence of the driver of the fire truck, that the driver of appellee's bus was guilty of negligence only in operating the bus at a rate of speed in excess of 20 miles per hour immediately prior to the collision and that such action on the part of said driver was a proximate cause of the collision, and that Walter Walker, the driver of the fire truck, was guilty of only one act of contributory negligence, which was a proximate cause of said collision, that of entering said intersection when a red light was displayed facing the truck. Based on the answers to such special issues, judgment was rendered in favor of appellee.

Appellants complain of the action of the trial court in refusing to disregard the findings of the jury in answer to special issues Nos. 31, 32 and 32a, to the effect that Walter Walker drove into said intersection in the face of a red signal light and that such action was negligence and a proximate cause of said collision, for the alleged reason that Article 801, Subdivision N, of the Penal Code, gave fire engines, as such, the right of way, in all instances except where the driver of the fire truck had arbitrarily exercised this right, without due regard to the rights of the public. They contend that this being an ultimate issue, in the absence of a finding that Walter Walker did arbitrarily exercise such privilege on the occasion in question, there is no basis in the findings of the jury for a judgment in favor of appellee.

Article 801(N) of the Penal Code reads: "Police patrols, police ambulances * * * and fire apparatus in all cases while being operated as such shall have the right-of-way with due regard to the safety of the public; provided that this provision shall not protect the driver or operator of any such vehicle or his employer or principal from the consequence of the arbitrary exercise of this right to the injury of another."

The court gave the jury the following instruction in connection with his charge: "You are instructed that fire apparatus, as such, shall have the right of way with due regard to the public, provided that this shall not protect the driver or operator of any such vehicle from the consequences of the arbitrary exercise of this right to the injury of another."

In answer to special issues Nos. 31, 32, and 32a, the jury found that Walter Walker drove the fire truck in question into said intersection when a red light was displayed facing such truck, that such action was negligence and that such negligence was a proximate cause of the collision in question.

A careful reading of said Article 801(N) of the Penal Code, indicates a legislative intent to establish the rule that police and fire apparatus, while being operated as such with due regard to the safety of the public, shall have the right of way over other vehicles. It follows, we think, that the question as to whether the driver of a fire truck is negligent under any particular circumstances is a fact issue to be submitted to and determined by the jury in the same manner as any other issue of fact.

It is apparent from a reading of the court's charge in the instant case that he did not submit Special Issue No. 31, which inquires as to whether Walter Walker drove the fire truck in question into said intersection in the face of a red light, on the theory that the running of a red light constituted negligence per se. Under the issues submitted, with the accompanying instruction, it is left to the jury to determine whether the act of entering said intersection, at the time and under the particular circumstances and on the occasion in question, constituted negligence.

The record shows that Harrisburg Boulevard was, at the time of said collision, a heavily travelled thoroughfare. There was a sheet iron building on the northeast corner of the intersection of Harrisburg Boulevard and Sampson Street which extended to the sidewalk on both streets and made a blind corner for approaching vehicles. It is undisputed that Walter Walker drove said fire truck into heavily travelled Harrisburg Boulevard, past this blind corner, and in the face of a red light, at a rate of speed estimated by one of appellants' witnesses at as high as 25 miles per hour.

The jury found on sufficient evidence that the driver of the bus did not fail to keep a proper lookout for vehicles approaching said intersection and that he did not hear the ringing of the bell on the fire truck before he reached said intersection.

Under above facts, we think that the jury was justified in finding that it was negligence for the driver of said fire truck to enter the intersection in question on a red light.

Appellants contend that irreconcilable conflicts exist upon material issues precluding the entering of a judgment in answer to special issue No. 32, that it was negligence on the part of Walter Walker to drive the fire truck into the intersection of Sampson Street and Harrisburg Boulevard when a red signal light was displayed facing said truck, with the answer to the jury to special issue No. 35, that it was not negligence for Walter Walker to fail to yield the right of way to the bus at the intersection of Sampson Street and Harrisburg Boulevard.

Special issues Nos. 31, 32, and 32a, 33, 34, and 35, read:

"No. 31. Do you find from a preponderance of the evidence that at the time and on the occasion in question Walter Walker drove the fire truck into the intersection of Sampson Street and Harrisburg Boulevard, when a red signal light was displayed facing said truck?"

The jury answered: "We do".

"If you have answered Special Issue No. 31, 'We do', and only in that event, then answer:

"No. 32. Do you find from a preponderance of the evidence that such action of W. Walker in so driving the truck, if you have so found, was negligence, as that term has been hereinbefore defined to you?"

The jury answered: "We do".

"If you have answered Special Issue No. 32, 'We do', and only in that event, then answer:

"No. 32-A. Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of the collision in question?"

The jury answered: "We do".

"No. 33. Do you find from a preponderance of the evidence that the bus of defendant, Houston Electric Company, had entered the intersection of Sampson Street

with Harrisburg Boulevard prior to the fire truck driven by Walter Walker?"

The jury answered: "We do not".

"No. 34. Do you find from a preponderance of the evidence that Walter Walker failed to yield the right of way to the bus driven by D. E. Wilson at the intersection of Harrisburg Boulevard and Sampson Street?"

The jury answered: "We do".

"No. 35. Do you find from a preponderance of the evidence that such failure, if any, was negligence as that term has been hereinbefore defined to you?"

The jury answered: "We do not".

The courts of this state have uniformly held that apparent conflicts in the jury's answers to special issues submitted should be reconciled, if this can be reasonably done in the light of the facts in a particular case, the pleadings and evidence, the manner in which the issues were submitted, and in view of the other findings when considered as a whole, and that findings on ultimate facts will control those on merely evidentiary issues, and that specific findings will control general ones, and that, if, upon a reasonable interpretation of the findings, it appears that they are not in real and irreconcilable conflict, they then form the proper basis for judgment. Aranda v. Texas & N. O. Ry. Co., Tex.Civ. App., 140 S.W.2d 236, 240; Graham v. Hines, Tex.Civ.App., 240 S.W. 1015; Bragg v. Hughes, Tex.Civ.App., 53 S.W.2d 151; First National Bank v. Rush, Tex. Com.App., 246 S.W. 349; 41 Tex.Jur. 1224.

A careful reading of the issues in the light of the facts in the instant case convinces us that there is no conflict in the answers to said special issues Nos. 32 and 35. It is apparent from the order of the submission of said special issues Nos. 31 to 35, inclusive, and the jury's answers thereto, that the jury was of the opinion that Walter Walker was negligent in failing to stop at the red light at the entrance to Harrisburg Boulevard to ascertain whether or not it was safe to proceed into said intersection, and that he proceeded into the intersection ahead of appellee's bus; that after he had proceeded into said intersection he saw the approaching bus for the first time and realized the imminence of a collision between his truck and the bus, and that the jury determined that he was not then negligent in failing to stop or yield the right of way, under the circum-

stances, and that he determined that the most expedient thing for him to do, after he realized that his truck was in a dangerous situation, was to attempt to cross the intersection ahead of the bus.

Under above interpretations, the findings complained of do not present an irreconcilable conflict, but, on the other hand, indicate, we think, an effort on the part of the jury to follow the evidence and the court's instructions, and can be reasonably reconciled.

The judgment of the trial court will be in all things affirmed.

Affirmed.