TEXAS EMPLOYERS' INSURANCE ASSOCIATION V.
R. R. BROWNLEE.

No. A-3799.  Decided March 11, 1953.
Rehearing overruled April 8, 1953.
(256 S. W. 2d Series 76)

*Crenshaw, Dupree & Milam* and *Max Addison,* all of Lubbock, for petitioner.

The Court of Civil Appeals erred in holding that in a workmen's compensation case where an employee suffered amputation of a portion of the second and third fingers, with no injury to the hand itself other than the loss of such parts of the fingers such employee is entitled to be compensated for the loss of the use of the hand, rather than for the loss of the fingers. American Gen. Ins. Co. v. Beare, 225 S. W. 2d 454; Fitzgerald v. Southern Surety Co., 75 S. W. 2d 298; Standard Acc. Ins. Co. v. Williams, 14 S.W. 2d 1015.

*Ratliff, Conner & Walker* and *L. D. Ratliff,* all of Spur, for respondent.

The evidence being sufficient to support the jury's verdict establishing an injury to the hand, as distinguished from an injury to the fingers thereon, resulting in 50% permanent, partial loss of the hand, the Court of Civil Appeals was correct in allowing a recover for the hand. Lumbermen's Mut. Cas. Co. v. Zinn, 220 S.W. 2d 906; Wright v. Traders & Gen. Ins. Co., 123 S.W. 2d 314; Denbow v. Standard Acc. Ins. Co., 186 S.W. 2d 236.

MR. JUSTICE SMITH delivered the opinion of the Court.

This is a workmen's compensation suit. The allegations contained in respondent's petition state the nature and cause of the injuries he sustained as follows:

On March 11, 1951, the plaintiff was employed by and working for the Edgar Davis Drilling Company, hereinafter referred to as the employer, in Kent County, Texas, as a laborer on an oil well being drilled by said employer, and on said occasion, and while engaged in the due course of his employment by said employer, he and the other employees of said employer were engaged in working with the drill collars used in the drilling of said well when "* * * *the plaintiff's right hand was caught between the two drill collars and as a result the muscles, ligaments, tissues, nerves, blood vessels and bones of the plaintiff's second, third and fourth fingers* on his right hand were mashed, bruised, broken, torn, cut and lacerated to such an extent that it was necessary to amputate portions of the second and third

fingers of the plaintiff's right hand. After said accident the plaintiff's employer caused him to be placed in the care of a doctor and he was treated for his injuries sustained on said occasion and he has now reached a maximum recovery therefrom, but nevertheless, and in spite of said care and treatment, *the plaintiff says that the muscles, ligaments, tendons, tissues and nerves of the second and third fingers on his right hand are stiff and otherwise injured to such an extent that when he attempts to use the same in the performance of any labor he is caused to suffer with pain in his entire right hand* and he is wholly unable to use said hand in lifting or gripping, anything, *and the plaintiff says that the injuries to his second and third fingers extend to* and *effect his entire right hand to such an extent that he sustained the total loss of the use of his right hand in the performance of labor on March 11, 1951,* which said total loss of the use of his right hand has continued to the date of this trial and will be permanent, *or, in the alternative, that on March 11. 1951, he sustained the total loss of the use of the second and third fingers on his right hand, which said total loss of the use of said fingers had continued to the date of trial and will be permanent."* (Emphasis added).

The petitioner filed its answer in which it was admitted that respondent sustained an injury to the two fingers, and the record shows that it was agreed between the parties that petitioner offered to pay for the total loss of the two fingers. It was further alleged by way of answer *"that all incapacity of the plaintiff was caused by the loss of the terminal phalanx and part of the middle phalanx, or the end joint and a part of the middle joint of the second finger; * * * that the injury to the plaintiff was confined to one or more of the fingers on his right hand, and that all incapacity which plaintiff has had in the past or will have in the future, was caused by the loss of a portion of the fingers of his right hand * * *."* (Emphasis added).

The Court of Civil Appeals affirmed the judgment of the trial court awarding plaintiff compensation for the loss of the use of his right hand. 256 S.W. 2d 857.

The trial court submitted the case to the jury on special issues and in response thereto, the jury answered that (a) plaintiff sustained 50% partial loss of the use of the second and third fingers on his right hand, (b) that such partial loss of use of the second and third fingers was permanent, (c) that the injuries sustained by the plaintiff to the second and third fingers

extended to or affected his right hand other than the fingers, (d) that the incapacity sustained by plaintiff was not confined to the second, third and little fingers, (e) that plaintiff sustained 50% permanent partial loss of the use of his right hand as a natural result of the injury sustained on March 11, 1951.

The petitioner in its pleadings in the trial court, its exceptions and objections to the court's charge, its motion for new trial duly filed in the trial court, its motion for rehearing in the Court of Civil Appeals, and in proper points, especially Point One, in its petition for writ of error filed in this court, presented, and now present, the contention that the record does not reflect any evidence warranting the submission of the issue (Special Issue No. 3), and that the record contains no evidence supporting the finding of the jury thereon to the effect *that the injuries sustained by the plaintiff to the second and third fingers extended to or affected his right hand other than the fingers.*

The petitioner makes the further contention that since the trial court overruled its objection to the submission of Special Issue No. 3, because of no evidence, it was error for the court to have refused its requested Special Issue No. 2 which reads as follows:

"Do you find, from a preponderance of the evidence, that the incapacity, if any, to the right hand of plaintiff was not caused solely by the partial loss of the second and third fingers of his right hand. Answer: 'Yes' or 'No' ".

■ The provisions of Article 8306, Section 12, Vernon's Annotated Civil Statutes, which govern this case, have been in effect since 1913. Of course, changes by amendment have been made by subsequent Legislatures, but from its original enactment, it was made unmistakably clear by the Legislature that it was its intention by the enactment of Section 12 to provide that an injured employee should receive a fixed and definite compensation for certain specific injuries enumerated therein. The Section enumerates the several specific injuries and provides that the compensation for each specified injury "* * * shall be in lieu of all other compensation * * *." Each injury enumerated is an injury to a specific member, and in order for the respondent to recover for an injury to the hand as alleged in his pleadings, he must prove that the injury to the fingers, as alleged, extended to and affected the hand. If there was impairment of the use of the hand, other than that merely resulting to it from the loss of the fingers, there would be liability supporting recovery in propor-

tion to such impairment of the use of the hand; but, if the evidence shows that the hand was not impaired except as it was affected by the loss of the fingers, there would be, under the plain provisions of Article 8306, Section 12, supra, no recovery allowed for the loss of use of the hand. In other words, if the loss of the use of the hand resulted solely from the injury to the fingers, the respondent would be limited in his recovery to that provision of the statute which provides for compensation in the event of the loss of, or the loss of the use of, the fingers. Petroleum Casualty Co. v. Seale, Tex. Com. App., 13 S.W. 2d 364; Standard Accident Ins. Co. v. Williams, Tex. Com. App., 14 S.W. 2d 1013, 1015; Consolidated Underwriters v. Wilson, Tex. Civ. App., 111 S.W. 2d 865, writ dismissed; American General Ins. Co. v. Beare, Tex. Civ. App., 225 S.W. 2d 454, writ refused, n.r.e.; Texas Employers' Ins. Ass'n. v. Moreno, Tex. Com. App., 277 S.W. 84; Lumbermen's Reciprocal Association v. Pollard, Tex. Com. App., 10 S.W. 2d 982; Federal Underwriters Exchange v. Simpson, Tex. Civ. App., 137 S.W. 2d 132; Consolidated Underwriters v. Langley, 141 Texas 78, 170 S.W. 2d 463.

■ We have examined the record in this case and find no evidence sustaining the finding of the jury that the injuries sustained by respondent extended to the hand; and, therefore, we must sustain the contention of petitioner that the respondent's recovery is limited to the amount agreed upon between the parties for the loss of the fingers. The respondent and all the witnesses testified as to the nature and extent of the injuries, and all agreed that the fingers only were injured, and that no injury was received to the hand. The respondent, as well as the medical experts, testified that the two fingers were injured and later amputated, and that no part of the hand was injured, and that the 50% disability was caused "solely by the loss of the ends of those two fingers."

The respondent further testified that when he tried to "make a fist" he could not do so because of the fingers, and that he could not use the hand as before the injury, but that the pain which he suffered was caused by the injury to the fingers. The medical experts also testified that the pain was caused solely by the injury to the fingers. Respondent testified that he returned to work for the same employer about June 21, 1951 and was engaged in pumping water for two months, and after that was returned to work at the well; that is, he was "put to handling backup" after the injury; whereas, he was handling

"lead tongs" before the injury; that he was engaged in doing the same work as before the injury; that he had to handle with both hands the same sort of pipe, same tongs, same size tongs, and that he performed this work satisfactorily until Saturday before the trial of this case began on November 29, 1951, and that he received the same wages as before the injury; that he couldn't do the work as well after he got hurt as before, and when asked "Why couldn't you?", he replied, "In throwing it, (the chain) when the end of it comes around, you have to hold it, or it will probably hit you and you have a man on the opposite side of the pipe from you, but it is still going to - - the end of it is still going to swing out and it hits the end of your fingers. *As these fingers are shorter* now, I couldn't keep much of them around it. * * * I mean the two fingers on my right hand * * * whenever I tried to grip anything, my hand would hurt, or when I would get it bumped or try - - I couldn't pick anything up, except with my forefinger. And anything where there was any pressure or strain on the right hand at all, my hand would hurt." (Emphasis added).

The testimony further shows that the respondent suffered a "stiffness" of the tendons of the fingers, but there is no evidence that this "stiffness' extends to the hand. The medical evidence is conclusively to the effect that the pain which respondent testified he suffered was caused solely by the injury to the fingers. In the case of Consolidated Underwriters v. Langley, supra, this court said: "If Langley had sued for a specific injury to his right leg, at or above the knee, and it appeared that his total incapacity resulted solely from such injury to his right leg, and the jury had so found, then his claim would be limited to that part of Section 12 of Article 8306 which allows a recovery for weekly wages during two hundred weeks. * * * Where injury results to a particular member of the body, compensation for the loss of which is specifically provided by statute, the liability of the insurer is limited to that amount, even though the loss of or injury to that particular member actually results in total permanent incapacity of the employee to labor. But an employee is not precluded from recovering for total incapacity if he alleges and proves that the injury to the particular member also extended to and affected other portions of his body * * *." See Texas Employers' Ins. Ass'n. v. Thrash, Tex. Civ. App., 136 S.W. 2d 905, error dismissed; Great American Indemnity Co. v. Sams, Tex. Civ. App., 170 S.W. 2d 564; 142 Texas 121, 176 S.W. 2d 312.

Since the evidence is conclusive that respondent received a

specific injury to his fingers, and the disability is due solely to the injury to said specific members, and there being no evidence that the injury extended to the hand, the judgment allowing respondent a recovery for compensation for the loss of the use of the right hand is reversed and judgment is here rendered that respondent have and recover judgment against petitioner for $1,275.00, less $350.00 paid, or the sum of $925.00, as for the loss of the second finger (30 weeks compensation) and as for loss of the third finger (21 weeks compensation).

Opinion delivered March 11, 1953.

Rehearing overruled April 8, 1953.