Percy COLEMAN, Appellant,

v.

HARTFORD ACCIDENT AND INDEM-
NITY COMPANY, Appellee.

No. 15768.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 7, 1956.

Rehearing Denied Jan. 4, 1957.

Al L. Crystal, Houston, for appellant.

Butler, Binion, Rice & Cook, Frank J. Knapp and John L. McConn, Jr., Houston, for appellee.

MASSEY, Chief Justice.

Claimant Percy Coleman sustained burns to his arm under circumstances entitling him to benefits under the Texas Workmen's Compensation Act, Vernon's Ann. Civ.St. art. 8306 et seq., for the furnishing of which the Hartford Accident and Indemnity Company was obligated as the insurer of Coleman's employer. In the trial in the district court, claimant Coleman was denied specially requested issues, submitting his case on a general injury theory based upon his contention that the injuries to the specific member extended to and effected a general disability. The case was submitted on specific injury to claimant's arm, and the jury found a fifteen per cent permanent partial disability as applied to the arm. Judgment was entered accordingly, from which claimant's appeal was perfected.

On the appellate submission of the case, claimant's attorney waived his points on appeal other than as to the error of the trial court in refusing to submit the case

on the theory of general injury and incapacity in accord with his specially requested issues.

The evidence in the case demonstrated that whenever claimant attempts to work, the use of his injured arm results in pain therein which extends therefrom into his whole body, particularly into the shoulder and upper part of his back and his neck, causing him to be unable to perform the character of labor involved in his employment. It is therefore believed that a proper disposition of the case depends upon the correct answer to the following question:

Quare: Where a claimant under the Texas Workmen's Compensation Act sustains an injury to a specific member mentioned in Section 12 of Article 8306, V.A.T.S., and such injury results in a percentage of permanent partial loss of use of such member, may he recover compensation for future general incapacity occasioned as the result of pain incident to any attempted utilization of the member's remaining use, such pain originating in the injured member and extending to and affecting other portions of his body?

Answer: No.

■ Where injury results to a particular member of the body, compensation for the loss of which is specifically provided by statute, the liability of the insurer is limited to that amount, even though the loss of or injury to that particular member actually results in total permanent incapacity of the employee to labor. But an employee is not precluded from recovering for total incapacity if he alleges and proves that the injury to the particular member also extended to and affected other portions of his body, or impaired his general health to such an extent as to totally and permanently incapacitate him. If this question is determined in favor of claimant, then he is entitled to recover under Section 10 of Article 8306, V.A.T.S. Consolidated Underwriters v. Langley, 1943, 141 Tex. 78, 170 S.W.2d 463, and cases cited.

■ But, if the evidence shows that the other portions of claimant's body were not impaired except as affected by the injury to or loss of use of the particular member, there would be, under the plain provisions of Section 12 of Article 8306, V.A.T.S., no recovery allowed for the impairment of any other portions of claimant's body. Texas Employers' Ins. Ass'n v. Brownlee, 1953, 152 Tex. 247, 256 S.W.2d 76.

■ In the present instance, the evidence showed that when the injured member was quiescent there was no radiation of pain into the body apart from the member, but that it was when such member was used in claimant's performance of duties incident to his employment that the pain would stem therefrom into other portions of his body, affecting the comfort incident to the functions of such portions and impairing his use thereof. A distinction is therefore to be made from the facts in the case of Texas Employers' Ins. Ass'n v. Polk, Tex.Civ.App., Eastland, 1954, 269 S.W.2d 582, writ refused, n. r. e.

In the present instance, it is the *use* by the claimant of his injured arm which results in adverse effects (i..e., pain) in other portions of his body, rather than the injury itself or any extension thereof. *There is no impairment of his general ability to work or of his general health because of the injury, apart from his use or attempted use of the injured member.*

Under these conditions, we are of the opinion that the claimant must be confined in his recovery to the percentage of loss of use of his injured arm established in the verdict of the jury. Texas Employers' Ins. Ass'n v. Brownlee, supra.

The judgment of the trial court is affirmed.