## TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Petitioner,

### v.

## Petronilo ESPINOSA, Respondent.

No. A–9430.

Supreme Court of Texas.

April 24, 1963.

Rehearing Denied May 29, 1963.

Groce & Hebdon, Charles L. Smith, San Antonio, for petitioner.

Rudy Rice and Frank R. Southers, San Antonio, for respondent.

NORVELL, Justice.

This is a workmen's compensation case in which respondent recovered judgment for total and permanent incapacity. Such judgment was affirmed by the Court of Civil Appeals by a divided court. 363 S. W.2d 871. We granted writ of error upon the point of dissent.

It is undisputed that the respondent, Petronilo Espinosa, suffered a cut in the cornea of his left eye which required surgical attention. The iris was injured to some extent and three surgical stitches were required to close the wound. After the surgical and medical treatment had been completed, the eye remained defective in certain respects, and Espinosa testified that this condition reduced his capacity to work.

Respondent's pleaded theory supporting a recovery of compensation for a total and permanent incapacity to work was not that he had originally received an injury affecting his body generally, but "that at the time he was injured he injured his left eye and such injury has extended to and affected his right eye and body generally, * * * that he has lost the use of left eye, his right eye, and such injury has affected his body generally, and that such injuries have resulted in a total and permanent incapacity." No issue was submitted as to a total loss of the use of both eyes, and such issue was not raised by the evidence. The jury, however, found that the injury to Espinosa's left eye has extended to and affected his head and body generally, thereby resulting in incapacity. It is this finding which the dissenting Justice said was without support in the evidence. We agree with this conclusion.

The majority opinion of the Court of Civil Appeals contains a succinct and accurate statement of the evidence bearing upon the controlling point in the case. If there be evidence in the record which supports the "extend to and affect" theory, it must be found in the testimony of Espinosa himself. Dr. Dan A. Russell, Jr., the operating surgeon, found no physical objective evidence connecting the headaches and dizziness of which Espinosa complained with the injury to the left eye or any other source. The most that Dr. Russell said was that possibly some damage to the motor nerves controlling the left eye could cause headaches, but that in order to determine whether or not this was the case it would be necessary to perform an exploratory operation. This does not constitute evidence of an extension of a specific injury which affected the body generally.

Espinosa's testimony, briefly stated, was to the effect that after the injury to his eye he suffered headaches; his eyes were sensitive to dust; the pupil of his left eye did not contract properly so as to exclude or sufficiently diminish the glare of the sun; and that upon occasion he would become dizzy.

█ █ It is the policy of the workmen's compensation law to award compensation for certain specifically designated losses, such as the loss of an eye; such injuries being considered as cases of partial incapacity. Article 8306, § 12. It follows that a specific partial incapacity cannot develop into a general incapacity under Article 8306, § 10 of the Workmen's Compensation Act, when the disabling incapacity consists of pain and dizziness and results solely from using or attempting to use an eye or other member of the body for which specific compensation is provided by Article 8306, § 12. This question was squarely stated and answered by the Fort Worth Court of Civil Appeals in Coleman v. Hartford Accident & Indemnity Company, 297 S.W.2d 236, in which this

Court refused writ of error. We quote from the opinion:

"Quare: Where a claimant under the Texas Workmen's Compensation Act sustains an injury to a specific member mentioned in Section 12 of Article 8306, V.A.T.S., and such injury results in a percentage of permanent partial loss of use of such member, may he recover compensation for future general incapacity occasioned as the result of pain incident to any attempted utilization of the member's remaining use, such pain originating in the injured member and extending to and affecting other portions of his body?

"Answer: No."

█ The burden of proving that the specific injury extended to and affected other portions of the body so as to result in a general injury rests upon the claimant, Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463; Texas Employers' Ins. Ass'n v. Brownlee, 152 Tex. 247, 256 S.W.2d 76, and it is upon this issue that respondent's case for general disability falls. There is no evidence which causally links Espinosa's headaches and dizziness to a source other than an injury to the left eye and his attempts to use his left eye in its impaired condition. To hold that subjective complaints of pain, headaches and dizziness following a specific eye injury constitute in themselves evidence of the extension of the specific injury so as to affect the body generally would be to disregard the specific injury concept upon which Article 8306, § 12, is based. Specific injuries like all bodily injuries have their painful aftermaths and like undesirable consequences, but mere proof of this is insufficient in law to show an extension of a specific injury. In view of the opinions filed in the Court of Civil Appeals, further discussion is pretermitted.

The judgments of the District Court and the Court of Civil Appeals are reversed and the cause remanded to the District Court for new trial.