**LIBERTY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Charlie LEE, Appellee.**

No. 7538.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 19, 1963.

Rehearing Denied Dec. 17, 1963.

Donald R. Hallmark, Houston, for appellant.

James H. Campbell, Houston, for appellee.

CHADICK, Chief Justice.

This is an action authorized by the Workmen's Compensation Act, Art. 8306 et seq., to recover benefits accruing by reason of injuries sustained by a workman in the course of his employment. The judgment of the trial court is affirmed.

It is stipulated that Charlie Lee, the workman referred to herein, sustained about September 30, 1960, an injury in the course of his employment by Texas Creosoting Company, at which time he had an average weekly wage earning capacity of sixty dollars. The stipulation evidences agreement that any award recovered be paid in a lump sum, and that the workman had been paid $805.00 by Liberty Mutual Insurance Company, hereafter called insurer, subsequent to the injury at the rate of $35.00 per week, for twenty-three weeks' total disability.

The jury found in answer to special issues (the issue is identified by its number in parenthesis), that the (2) accidental injuries the workman sustained on September 30 was a producing cause of total incapacity which began (4) the day of the accident, and (5) is permanent. Then, (5A) that total incapacity was not due solely to the loss of use of his left leg. The injury to the workman's leg (15) resulted or will result in a total loss of the use of that bodily member, and (15) is permanent in nature. The injury sustained by the workman (22) is not confined to his left leg, and (23) the workman's incapacity is not due solely to the loss of use of his left leg. The workman (8) had not and would not sustain any partial disability nor (9) was the accident a producing cause of any partial disability.

The appellant compensation insurer, by numerous and sufficient points of error, questions the existence of any evidence, and alternately, the sufficiency and the weight and preponderance of the evidence, to support the jury verdict and judgment based thereon.

The evidence leaves no doubt but that the injured workman, a 37 year old negro man with three years of schooling, suffered a severe and disabling injury to his left knee. The principal effort of the insurer's brief is to convince this court that the great weight of the evidence establishes that only the workman's left leg was injured, and no part of his body was incapacitated except by the injury to the left knee and loss or partial loss of the use of his left leg. The proposition is that, if the evidence shows an uncompensated incapacity, it results from injury to a specific bodily member, the left leg, and compensation for injury should be made in accordance with Article 8306, Sec. 12, for reasons explained in cases such as Texas Employers' Insurance Association v. Espinosa, Tex., 367 S.W.2d 667.; Coleman v. Hartford Accident and Indemnity Company, Tex.Civ.App., 297 S.W.2d 236, W/R; Texas Employers' Ins. Ass'n., v. Brownlee, 152 Tex. 247, 256 S.W.2d 76.

The evidence supporting the jury's several findings underlying the judgment awarding benefits for a general injury resulting in total and permanent disability is, at best, spare and modest. Evidence of the accidental occurrence, the injury inflicted and its incapacitating effect is for the most part found in the workman's own testimony. As reported in the official statement of facts, his answers to questions indicate a lack of facility and descriptive phraseology in the use of language. A sympathetic jury observing the witness's examination might make allowances for incoherences, halting speech and jumbled words, or attach unusual weight to a poorly expressed fact, and assume factual conclusions from his demeanor not borne out by the witness's response to questions propounded, but in this review the evidence must be analyzed in its recorded form.

The workman with others was removing untreated, forty foot length, telephone poles from a railroad car. The ends of some five or six poles in a cable sling swung against the workman and momentarily penned him against the side of the car. The impact of the cable load was on his left knee, and as the workman described it, "mashed" his knee against the car wall. At the same time his hip, and perhaps other parts of his body, was violently shoved against the wall. An operation was performed on his knee, and altogether he was examined or treated before trial by six different medical practitioners. Testimony is very meager relative to any injury except that to the knee, or that the injuries he received to other portions of his body of whatever nature, were a producing cause of disability outside of, or in addition to that attributable to loss of use of his left leg. However, there is respectable evidence that his left arm, left side and lower back pained him following the accident, and continued to do so to such extent that he was not able to work.

It is not feasible to reproduce in detail the evidentiary record. The scope, broadly registered, makes the case understandable. With one exception the medical witnesses were of the opinion that the workman's injury was confined to his left leg, and that his incapacity produced by injury was relatively slight. Also, with one exception, these witnesses had no recollection or record of him complaining of injury, pain or incapacity, except to his knee and leg. He insisted that he mentioned his injury and its effect on his arm, side, and back to all of the medical doctors.

The insurer strongly urges this court to exercise the extraordinary powers conferred upon it by the Constitution, as discussed in Re King's Estate, 150 Tex. 662, 244 S.W.2d 660, and set aside the jury's finding and reverse the judgment. The character of the evidence has been noticed. The power of this court to set aside findings that are clearly against the great weight and preponderance of the evidence should be exercised without hesitation in a proper case. However, the fact questions made by the evidence tendered in this case seem peculiarly appropriate for jury resolu-

tion. As an example, the workman on cross examination pointed to a certain part of his body in showing the location of pain. The record does not disclose the area pointed out. There is evidence to sustain the jury findings, though it closely approaches the vanishing point. The record does not satisfy this court that the jury was so mistaken as to the weight and preponderance of the evidence as to warrant intervention, and respectfully declines to do so.

Appellant's points of error have not been discussed in detail, but the comment made gives the general view taken of each; none present error and each is overruled. The judgment of the trial court is affirmed.