**MARYLAND CASUALTY COMPANY,**
Appellant,

v.

**Manuel SOSA, Appellee.**

**No. 14644.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 31, 1968.

Rehearing Denied March 6, 1968.

Edward R. Finck, Jr., Clemens, Knight, Weiss & Spencer, San Antonio, for appellant.

Rice, Whitehead & Seely, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a workman's compensation case. Based upon jury findings, the trial court rendered judgment for plaintiff, Manuel Sosa, for total and permanent disability under Art. 8306, Vernon's Ann.Civ.St. The parties will be herein referred to as designated in the trial court.

The jury in answer to special issues submitted to them found, among other things, that plaintiff suffered an injury to his left hand on or about December 27, 1965, which resulted in six months total loss of use of the left hand, followed by fifty per cent permanent loss of use; that plaintiff did not sustain an injury to his left shoulder on that date but the injury and the effects thereof to his left hand extended to and affected plaintiff's left shoulder, which caused or contributed to his incapacity to work; that such incapacity was total and permanent;

that such total incapacity began on February 15, 1966, and that the incapacity to plaintiff's left shoulder was not solely caused by his voluntary non-use of such shoulder.

Defendant, by its first and second points of error, asserts that there was no evidence and insufficient evidence to support the jury's findings that the injury and the effects thereof to plaintiff's left hand extended to and affected plaintiff's left shoulder (Special Issue No. 31), and that the jury's finding on such issue is against the overwhelming weight and preponderance of the evidence. By its fifth and sixth points of error, defendant asserts that the evidence showed as a matter of law that the disability to plaintiff's left shoulder was solely caused by plaintiff's voluntary non-use of his shoulder, and that the evidence to support the jury's finding that it was not solely caused by such voluntary non-use was insufficient and against the overwhelming weight and preponderance of the evidence.

The plaintiff while working in the course of his employment on December 27, 1965, fell from a six-foot scaffold. He was immediately taken to the Santa Rosa Medical Center where he was first seen by Dr. Sullivan. Dr. Sullivan testified that at such time the plaintiff had a laceration on his forehead approximately 1½ inches deep, and that he had an injured left wrist. An X-ray examination disclosed a comminuted fracture of the distal radius of the left arm, and then Dr. Klecka, an orthopedic surgeon, was called into the case. Under Dr. Klecka's supervision the fracture was treated in traction, with a pin through the thumb and a cast applied from the knuckles to above the elbow. This cast remained on plaintiff until about January 17, 1966, when such cast and traction were removed and a "short arm cast," which extended from below the elbow to the back of the knuckles, was placed on plaintiff's arm. This cast remained on plaintiff for an extended period of time. During the course of treatment, plaintiff complained of pain in his shoulder, and at

one time was sent to Barnett Therapy Laboratories by Dr. Klecka for shoulder and arm exercises. He was also given eight ultrasonic treatments in Dr. Klecka's office for his left shoulder. On April 27, 1967, he was re-admitted to Santa Rosa Medical Center, where he remained until May 7, 1967. During that period, Dr. Klecka manipulated plaintiff's left shoulder and finger joints under general anesthetic. Dr. Klecka testified that he could find no objective evidence of traumatic injury to plaintiff's left shoulder and that the stiffness of the shoulder was caused by lack of use. Dr. Klecka, however, testified that plaintiff had some disability in his left shoulder, and that from his examination he could not say that plaintiff had not been using his arm, and that he was of the opinion that plaintiff had been using his arm and exercising it.

Plaintiff was also treated by Dr. Albert Sanders, an orthopedic surgeon, who saw plaintiff on five occasions between October 10, 1966, and January 30, 1967. Dr. Sanders testified that plaintiff had developed adhesions in his shoulder joints and that such adhesions prevented plaintiff's arm from being moved sideways more than 85°, when the movement in a normal person is 150°, and that there was other limitation of motion. Dr. Sanders further testified that the adhesions were caused from lack of use of such shoulder, that the cast on plaintiff's arm caused plaintiff not to exercise his shoulder, and that the cast on his arm was necessary to treat the fracture of the wrist. Plaintiff testified of pain and disability in his shoulder, arm and hand, and that because of such disability he could no longer do his work and was unable to get a job.

The law is well settled that where an employee sustains a specific compensable injury, he is not limited to compensation allowed for that specific injury if such injury, or proper or necessary treatment therefor, causes other injuries which render the employee incapable of work. Zurich General Accident & Liability Ins. Co. v. Daffern, 81 F.2d 179, 5th Cir. 1936, cert. den., 298 U.S. 667, 56 S.Ct. 751, 80 L.Ed. 1391; McAdams

v. Fidelity and Casualty Co. of New York, 406 S.W.2d 518, (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.); United Employers Casualty Co. v. Marr, 144 S.W.2d 973 (Tex.Civ.App.—Galveston 1940, writ dism'd jdgmt. cor.); 62 Tex.Jur.2d, Workmen's Compensation, § 68; 58 Am.Jur., Workmen's Compensation, § 279.

Defendant contends that under the evidence and the law any recovery of plaintiff should be limited to the injury to a specific member—plaintiff's left hand. The case before us is distinguishable on its facts from Texas Employers' Insurance Association v. Hartel, 289 S.W.2d 380 (Tex.Civ.App.—Amarillo 1956, writ dism'd), and Casualty Reciprocal Exchange v. Rodriguez, 415 S. W.2d 236 (Tex.Civ.App.—Amarillo 1967, no writ), relied upon by defendant, in that in our case there is medical testimony of a disabling injury (adhesions) to the affected area—plaintiff's left shoulder.

■ There is medical testimony in the record that in order to treat plaintiff's injury to his wrist it was necessary to place plaintiff's arm in a cast, that such cast caused plaintiff not to exercise his arm and restricted movement of the shoulder joint, and that as a result of such non-use plaintiff developed adhesions in his shoulder which resulted in disability. The jury findings as to the special issues complained of by defendant in its first, second, fifth and sixth points of error, are sufficiently supported by the evidence, and such points of error are overruled.

■ Defendant also complains as to the manner in which Special Issue No. 31 was submitted, and in particular to the use of the words "injury and the effects thereof," in regard to the hand injury, asserting that there were no pleadings to support such submission, and that the issue as submitted was duplicitous, misleading and nebulous. Plaintiff by a trial amendment plead in part that "such injuries to his left hand extended to and affected his left shoulder and body generally and causing or contributing to

cause his total and permanent incapacity to work."

While there might have been a better way to submit such issue, we have concluded from an examination of the entire record that such issue substantially complies with the provisions of Rule 279, Texas Rules of Civil Procedure, and we find no reversible error of the trial court in overruling defendant's objections to Special Issue No. 31, or in the submission of such issue. See Bailey v. American General Insurance Co., 154 Tex. 430, 279 S.W.2d 315 (1955); General Accident Fire & Life Assur. Corp. v. Murphy, 339 S.W.2d 392 (Tex.Civ.App.—Houston 1960, writ ref'd n.r.e.); Texas Employers Ins. Ass'n v. Trapp, 258 S.W.2d 112 (Tex.Civ.App.—Beaumont 1953, writ ref'd n.r.e.).

Defendant by its seventh and eighth points of error urges that the trial court erred in rendering a judgment for general injury because of a conflict between the jury's answers to Special Issues Nos. 31 and 55, and in disregarding the jury's answer to Special Issue No. 55. In answer to Special Issue No. 31, the jury found that the injury and the effects thereof to plaintiff's left hand extended to and affected plaintiff's left shoulder, and in response to Special Issue No. 55 found that the disabling injury, or disabling injuries, which plaintiff received on December 27, 1965, were confined to the left arm below the elbow.

■ "It is settled that any apparent conflict in a jury's answer to Special Issues submitted to them must be reconciled, if this can reasonably be done in the light of the facts in the particular case, the pleadings, the evidence, the manner in which the issues were submitted, and in view of the other finding when considered as a whole." Bituminous Fire & Marine Insurance Co. v. Jones, 398 S.W.2d 577, 581 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r.e.); Walker v. Houston Electric Co., 155 S.W.2d 973 (Tex.Civ.App.—Galveston 1941, writ ref'd); State Nat. Bank of Houston v. Woodfin, 146 S.W.2d 284 (Tex.Civ.App.—

Galveston 1940, writ ref'd). Applying these rules, we do not believe the jury's answers to such special issues are in irreconcilable conflict. The jury found in answer to Special Issue No. 1, that the plaintiff did not sustain an injury to his shoulder on December 27, 1965, the date of the accident. They found that he did sustain an injury to his left hand on such date; that such injury and the effects thereof extended to and affected plaintiff's left shoulder, and that such general injury commenced on February 15, 1966. The jury apparently considered Special Issue No. 55 as referring to the specific injury to the hand, received by plaintiff on December 27, 1965, and not to the disabling general injury which they found to have commenced approximately 1½ months thereafter. There is no fatal conflict between these findings, and the court did not err in rendering judgment for a general injury. Defendant's seventh and eighth points of error are overruled.

Defendant also contends that the trial court erred in refusing to submit two requested special issues on "use or attempted use," to-wit: Requested Special Issue No. 5: "Do you find from a preponderance of the evidence that the incapacity, if any, of the Plaintiff, Manuel Sosa, is not caused solely by the use or attempted use of Sosa's left arm below the elbow?" Requested Special Issue No. 6: "Do you find from a preponderance of the evidence that the incapacity, if any, of the Plaintiff, Manuel Sosa, is not caused solely by his use or attempted use of his left arm?"

The trial court submitted the following special issues with regard to incapacity and loss of use of these specific members:

*"QUESTION NO. 50*: Do you find, from a preponderance of the evidence, that the incapacity, if any, of Manuel Sosa was not solely caused by the loss of use, if any, to his left arm below the elbow?

"Answer: 'It was not solely caused by the loss of use,' or

'It was solely caused by the loss of use.'

"We, the Jury, answer: It was not solely caused by the loss of use."

*"QUESTION NO. 51*: Do you find, from a preponderance of the evidence, that the incapacity, if any, of Manuel Sosa was not limited to his left arm below the elbow?

"Answer: 'It was not,' or 'It was.'

"We, the Jury, answer: It was not."

*"QUESTION NO. 52*: Do you find, from a preponderance of the evidence, that the incapacity, if any, of Manuel Sosa is not limited to his left arm?

"Answer: 'It is not' or 'It is.'

"We, the Jury, answer: It is not."

*"QUESTION NO. 53*: Do you find, from a preponderance of the evidence, that the incapacity, if any, of Manuel Sosa is not solely caused by the loss of use, if any, to his left arm?

"Answer: 'It is not,' or 'It is.'

"We, the Jury, answer: It is not."

Plaintiff contends that there was no error of the trial court in refusing to submit Defendant's Requested Issues Nos. 5 and 6; that the evidence, if any, was not sufficient to support the submission of such issues; that the requested issues were not submitted to the court in substantially correct wording in accordance with Rule 279, T.R.C.P., and that such requested issues were evidentiary only and not ultimate issues.

Defendant, in support of its contention, relies on the case of Coleman v. Hartford Accident & Indemnity Co., 297 S.W.2d 236 (Tex.Civ.App.—Fort Worth 1956, writ ref'd), wherein it was held that "it is the *use* by the claimant of his injured arm which results in adverse effects (i.e., pain) in other portions of his body, rather than the injury itself or any extension thereof. *There is no impairment of his general ability to work or of his general health because of the injury, apart from his use or attempted use of the injured member.*

"Under these conditions, we are of the opinion that the claimant must be confined in his recovery to the percentage of loss of use of his injured arm established in the verdict of the jury. Texas Employers' Ins. Ass'n v. Brownlee, supra, [152 Tex. 247, 256 S.W.2d 76]."

Defendant also relies on Texas Employers' Insurance Ass'n v. Espinosa, 367 S.W.2d 667 (Tex.Sup.1963). The Supreme Court in that case held that "There is no evidence which causally links Espinosa's headaches and dizziness to a source other than an injury to the left eye and his attempts to use his left eye in its impaired condition." And further held that "a specific partial incapacity cannot develop into a general incapacity under Article 8306, § 10 of the Workmen's Compensation Act, when the disabling incapacity consists of pain and dizziness and results solely from using or attempting to use an eye or other member of the body for which specific compensation is provided by Article 8306, § 12."

Defendant asserts that plaintiff's own testimony establishes that the disability in the shoulder is caused when plaintiff uses or attempts to use his arm. We do not agree with this interpretation of plaintiff's testimony. Plaintiff did testify that the pain in his shoulder got worse when he attempted to use his arm, but it appears from plaintiff's entire testimony that he had pain in his shoulder without using his arm, and that it got worse when he attempted to raise his arm. In addition, there is medical testimony in this case of an actual injury (adhesions) to the affected area—plaintiff's left shoulder, which was not present in the Coleman case or the Espinosa case. The Court in both of these cases stated that it was the use by the claimant of the injured member that caused the disabling incapacity.

From a consideration of the entire record and an examination of all the issues submitted, we find no reversible error of the trial court in not submitting Requested Special Issues Nos. 5 and 6.

We have considered all of defendant's points of error and reply points, and all are overruled. The judgment is affirmed.