**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**S. D. STATELER, Appellee.**

No. 17348.

Court of Civil Appeals of Texas. Dallas.

Dec. 19, 1969.

Rehearing Denied Jan. 16, 1970.

Gordon H. Rowe, Jr., Gardere, Porter & DeHay, Dallas, for appellant.

Mark Delk, Marvin Menaker, Bader, Wilson, Menaker & Cox, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This is a workmen's compensation case. S. D. Stateler brought this action seeking to recover total and permanent disability benefits resulting from an injury sustained by him on July 20, 1967 while employed by Prewitt & McFaul Masonry Contractors, Inc., whose workmen's compensation insurance was carried by Texas Employers' Insurance Association. In his original petition, Stateler alleged that he sustained a general injury to his right knee, right leg and back brought about by a falling rock which struck his knee and caused him to fall. The insurance company responded, contending that (1) any injury sustained by Stateler was a specific one confined to a loss of use of the right knee for a short period of time and (2) that the employee had failed to file his claim with the In-

dustrial Accident Board within the six months' period prescribed by law. On the first day of trial Stateler filed his trial amendment in which he alleged that the injuries to his leg extended to and affected his back generally.

The case was tried before the court and a jury and in response to special issues submitted the jury found that Stateler had sustained an injury within the course and scope of his employment on July 20, 1967 which had resulted in total and permanent incapacity. In response to Special Issue No. 23A the jury found that the incapacity of Stateler was caused solely by the loss of use of the right knee.

The court rendered judgment in favor of Stateler for total and permanent disability benefits, payable in a lump sum. Judgment was rendered for an additional sum of $699 representing medical expenses found by the jury to have been incurred by Stateler.

## OPINION

By its first seven points of error, grouped together, appellant, by various ways, contends that the trial court erred in rendering judgment for workmen's compensation benefits for a general injury, as provided by Art. 8306, Sec. 10, Vernon's Ann.Civ.St. of Texas, since the jury had made a specific finding that appellee's incapacity was caused solely by the loss of use of the right knee, thereby limiting recovery to compensation for specific injuries as provided by Sec. 12, Art. 8306, V.A.C.S. This limitation of recovery, appellant argues, is especially mandatory in the absence of any jury finding that the injury to appellee's right knee extended to and affected other portions of appellee's body generally. Appellant also seeks reversal because of the trial court's refusal to submit tendered issues relating to confinement of the injury to a specific member.

One of the principal battlegrounds of this lawsuit was whether appellee sustained a general or a specific injury. Appellee first contended that he had been struck on

the right knee and leg with the rock which caused him to fall backwards in such a manner as to injure his back also. Appellant countered this contention by taking the position that appellee's injury was only to the leg or knee and any incapacity flowing therefrom was confined to the specific member which resulted in not more than twenty-five per cent temporary loss of use of such member. Then appellee filed a trial amendment asserting that the injuries to his knee extended to and affected other parts of his body which caused, or contributed to cause, total permanent disability.

The testimony was without dispute that on the day in question appellee did sustain an injury by being struck on the right knee while working on a scaffold. Appellee testified that on that occasion he was squatting down with his right knee protruding when a rock fell from above and hit him on the knee. He said he jumped and grabbed his knee and fell backward into a pile of rock, hitting his back and neck. He said he suffered pain in his knee and in his back. Appellee's original claim before the Industrial Accident Board reported only that he received a knee injury. No mention was made in these papers filed with the board concerning injury to or pain in other parts of the body. The witness John E. Hahn who was working with appellee and witnessed the accident testified that he saw the rock hit appellee's right knee. He gave no testimony concerning an injury to the back. Appellee's medical witness, Dr. James C. Williamson, testified that he examined appellee on July 21, 1967; that appellee had given him a history that a large stone had fallen and hit him on the knee. As a result of his examination he found pain and tenderness in the area of the right knee and his diagnosis at that time was "strain of the knee." He treated appellee for several weeks. He was asked whether, later on, he found any other symptoms of the injury "or effects of this injury," whereupon he answered:

"Well, the knee, itself, the tenderness over the area as mentioned previously

continued to be tender and particularly on flexion or bending of the knee, and continuing—long continued weight bearing, and there was some muscular spasm associated with discomfort in the lumbar area of the spine, possibly about a month or six weeks later."

He also testified that the muscular spasms which he found on later dates in the lumbar area of the spine were the result of appellee's favoring the knee. He elaborated on this, as follows:

"A   Well, of course, the blow on the knee started it all, the strain on the knee is my initial diagnosis and resulting from this strain, due to the constant irritation, working, weightbearing, there is an irritation there in the knee, itself, which is called bursitis, an irritation of the joint space, itself.

Q   Well, what in your opinion, would be the producing cause of the after-effects?

A   The constant irritation.

Q   The irritation, you mean, of his original injury, is that what you are talking about—what do you mean, irritation of what—I'll ask you that.

A   Irritation of the knee with the strain, you already have an irritant there, if you get it quieted down with treatment, you continue without irritating the knee, bending and weight bearing —it continues to have an irritation there, an inflammatory process."

The doctor estimated the disability of appellee as being twenty to twenty-five per cent to the leg.

Mr. Merritt, appellee's foreman, testified he did not see the accident but talked to appellee shortly thereafter; and appellee told him that the rock fell on him but did not strike any other part of his body. He said that appellee made no other complaint of any other part of his body than the knee.

Dr. George M. Boswell, Jr., appellant's medical witness, testified that appellee was examined by him and that, as a part of the history, related that he had received a blow on his knee from a stone falling from a height of some eight or ten feet above him while he was in a squatting position. The doctor said that appellee gave him no other history of any other injury to any part of his body than his right knee. He estimated a ten per cent permanent partial disability to the right knee.

Prior to the submission of the charge to the jury appellant filed objections to the court's charge wherein, among other things, it complained of the failure of the trial court to include in the charge its defensive issues relating to the confinement of the injury to the specific member of the body, to-wit, the right knee or leg. In addition to its objections to the charge appellant requested the following issues:

"Do you find from a preponderance of the evidence that the injury of July 20, 1967 was not confined to his right knee?"

"Do you find from a preponderance of the evidence that the injury to S. D. Stateler's right knee, if any, on July 20, 1967, extended to and affected parts of the body other than the right leg, thereby causing disability?"

The trial court overruled appellant's objections to the charge and refused to give to the jury either of the requested issues set forth above.

Two primary questions are presented. First, under the state of this record may the appellee legally recover a judgment for total permanent disability benefits without having requested and obtained appropriate jury findings concerning the extension of the injury to the leg to other parts of the body, as contended by him in his trial amendment?   Secondly, assuming that appellee seeks to rely upon evidence submitted by him in support of his original allegations concerning a general injury, did the trial court commit error in refusing to

submit to the jury the defensive issues relating to the confinement of the injury, and effect thereof, to the specific member of the body?

■ Appellee had a perfect legal right to seek recovery for total permanent benefits under the Workmen's Compensation Law of Texas under either one of two theories. First, he could rely upon his allegations and proof to the effect that he sustained a general injury to his body which resulted in total and permanent incapacity to work and labor. Or, secondly, he had the right to take the position that while the injury was to a specific member of his body, to-wit, his right leg, such injury extended to and affected other parts of his body so as to cause or contribute to cause total permanent incapacity. In the latter event our courts have uniformly held that the burden is cast upon the injured employee to allege, prove and secure a finding that the injury to the specific member extended to and affected other portions of the body. Texas Employers' Ins. Ass'n v. Espinosa, 367 S.W.2d 667 (Tex.Sup.1963); Argonaut Ins. Co. v. Newman, 361 S.W.2d 871 (Tex.Sup.1962); Texas Employers' Ins. Ass'n v. Brownlee, 152 Tex. 247, 256 S.W.2d 76 (1953); Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463 (1943); Travelers Ins. Co. v. Marmolejo, 383 S.W.2d 380 (Tex.Sup.1964); and Petty v. Texas Employers' Ins. Ass'n, 401 S.W.2d 678 (Tex. Civ.App., Fort Worth 1966, writ ref'd n. r. e.).

■ In this case appellee Stateler started his litigation under the first theory, that is, that he had sustained a general injury to his body. However, on the first day of the trial he filed a trial amendment in which he asserted the second theory, namely, that the injury to his leg had extended to and affected other parts of his body. But appellee has failed to do that which was decreed to be a mandate in the cases above cited, that is, to tender and secure a jury finding to the effect that his injury to his leg extended to and affected other parts of his body, so that such theory of recovery must be considered waived.

■ From a defensive standpoint, appellant was entirely justified, in the light of the pleadings and the evidence adduced, to request the court to submit to the jury appropriate issues which, if answered in appellant's favor, would limit and confine the recovery to the number of weeks provided for in Sec. 12, Art. 8306, V.A.C.S. The court rejected appellant's requests and in so doing we think he committed reversible error. Rule 279, Vernon's Texas Rules of Civil Procedure. The error becomes even more obvious when we consider the jury finding (supported by ample testimony) that appellee's incapacity was caused solely by the loss of use of the right knee. Accordingly, we sustain appellant's points 1, 2, 3 and 5, but overrule points 4, 6 and 7.

■ By its eighth point of error appellant contends that the trial court erred in overruling its motion for instructed verdict because, as a matter of law, under the evidence no good cause was shown to exist for appellee's failure to file his claim before the Industrial Accident Board within six months as prescribed by law. This presents a "no evidence" point. We have carefully reviewed the record relating to the issue of "good cause" and cannot agree with appellant that there was an entire absence of evidence of probative weight to go to the jury on this question. It is undisputed that appellee did not file his claim within the six months period prescribed by law but he contends that he had "good cause" for failing to do so in that he relied upon certain statements and representations made by a representative of appellant. Appellee testified that the insurance adjuster, Kenneth Presley, interviewed him following his injury and told him "not to worry, that it would be taken care of." He said Presley also said that everything would be taken care of as far as the reports and things to be sent in to the insurance company and board was concerned. We think there is sufficient probative evidence in this record to justify the submis-

sion of the issue to the jury as to whether appellee acted as an ordinarily prudent person in filing a claim for compensation at the time it was filed. Accordingly, we overrule appellant's eighth point of error.

In view of the fact that this case must be reversed and remanded for another trial we deem it unnecessary to pass upon appellant's points 9 and 10 which relate to the sufficiency of the evidence concerning medical bills.

The judgment of the trial court is reversed and remanded.