Dan L. HARDEGREE, Appellant,

v.

**AMERICAN AND FOREIGN INSURANCE COMPANY, Appellee.**

No. 17072.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 19, 1969.

Johnson & Browning, and Kenneth Johnson, Wichita Falls, for appellant.

Fillmore & Fillmore, and H. Dustin Fillmore, Wichita Falls, for appellee.

## OPINION

BREWSTER, Justice.

In this Workmen's Compensation case the plaintiff has appealed from a judgment that denied him a recovery. The trial was to a jury.

The two points made by plaintiff on the appeal are as set out below.

1. The jury found that plaintiff sustained no total disability following the injury. The undisputed evidence showed that he did sustain some total disability. The trial court therefore erred in rendering judgment for defendant based on such jury finding of no total disability.

2. Plaintiff pleaded a general injury. The case was submitted to the jury on the theory of a general injury only. Under this set of facts the burden was on defendant to plead, have issues submitted to the jury, and get findings on such issues that would restrict a recovery to the specific injury. Plaintiff says that in this case the defendant failed to plead that the disability was confined to a specific member, his pleadings consisting only of a general denial, and for this reason he was not entitled to a judgment.

Plaintiff sustained an electrical shock while working for his employer on June 15, 1968. He testified to facts that are set out in this paragraph. He was off from work from June 16 to June 25, 1968, following the injury. He then worked for his employer from June 25 to July 11, 1968, at which time surgery was performed on his ankle and bone slivers were removed from it. He was in the hospital from July 11, 1968, to July 15, 1968, for this operation. He then stayed at home and got around on crutches until August 23, 1968, at which time he returned to work for his same employer. He worked from then until September 2, 1968, at which time he was arrested on the job for not paying child support and he never again went back to work for that employer.

The undisputed evidence here did show that for at least a part of the time between the date of injury on June 15, 1968, and August 23, 1968, the plaintiff did sustain some total disability.

During this interval defendant paid plaintiff a total of $255.00 in compensation at the rate of $35.00 per week.

The verdict of the jury was that the plaintiff sustained an injury while acting in the course of his employment; that no total disability followed the injury; that the injury was the producing cause of partial disability; that the beginning date of such partial disability was June 15, 1968; that such partial disability was permanent; that during the period of such partial disability plaintiff had an average weekly wage earning capacity of $125.00; and that at the time of the injury an average weekly wage of plaintiff that would be just and fair to both parties would be $125.00.

Issue No. 21 asked: "Do you find from a preponderance of the evidence that Plaintiff's disability, if any, has been or will be caused solely by his use or attempted use of his right ankle?" The jury answered "Yes."

Issue No. 22 asked: "Find from a preponderance of the evidence the date after which Plaintiff's disability, if any, has been or will be caused solely by his use or attempted use of his right ankle." The jury's answer was "June 15th 1968."

Issue No. 25 asked: "Do you find from a preponderance of the evidence that the Plaintiff's disability, if any, has been or will be cause solely by Plaintiff's disability, if any, to his right ankle?" The jury answered "No."

The plaintiff bases his second point on the theory that defendant pleaded only a general denial. Plaintiff was mistaken in this respect, and the result is that he has cited cases in support of his second point that have no application to the real facts of this case.

Defendant's first amended original answer filed in this case in paragraph IV contains the following allegation:

"In the alternative, any such disability suffered by the plaintiff after the date of the injury is caused solely by the use or attempted use by the plaintiff of his right lower extremity more specifically in the area of his right ankle."

It has been held that the facts alleged in this pleading, if true, would constitute a defense to a Workmen's Compensation suit wherein only a general injury was pleaded and submitted to the jury in the charge. Coleman v. Hartford Accident & Indemnity Company, 297 S.W.2d 236 (Fort Worth Civ.App., 1956, writ ref.).

Issues Nos. 21 and 22 of the court's charge submitted this defense to the jury, and the jury found that after June 15, 1968, the date of plaintiff's injury, that his disability has been or will be caused solely by his use or attempted use of his right ankle.

Under the holding in the Coleman case, supra, this pleaded defense and jury finding will defeat a recovery by the plaintiff in the case. There is no contention in the case that the evidence on this defense is lacking to any degree.

Plaintiff says that the jury's answer of "Yes" to Issue No. 21 of the charge and "No" to No. 25 are in conflict and therefore neither answer can stand.

The jury's answer to Issue No. 21 was an affirmative finding to the effect that a preponderance of the evidence established as a fact that the plaintiff's disability has been or will be caused solely by his use or attempted use of his right ankle.

The jury's answer to Issue No. 25 was a negative finding. It amounted to a refusal by the jury to find from a preponderance of the evidence that the plaintiff's disability has been or will be caused solely by his disability to his right ankle. This meant in law that the defendant failed to carry the burden of proving the fact inquired about in Issue No. 25. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.Sup.Ct., 1966) and Iowa Mutual Insurance Company v. Redden, 326 S.W.2d 727 (Waco Civ.App., 1959, refused n. r. e.)

We hold that there is no conflict between the jury findings to Issues Nos. 21 and 25. We do not believe that Issues Nos. 21 and 25 of the charge make inquiry as to the same fact.

It follows from what has been said that the question raised by plaintiff's first point has become immaterial under the facts of this case.

The jury's answers to Issues Nos. 21 and 22 established that plaintiff's disability since June 15, 1968, has been or will be caused solely by his use or attempted use of his right ankle.

Since this was true, it was a complete defense to the case pleaded and proved by the plaintiff, regardless of whether the disability he had was total or partial. Coleman v. Hartford Accident & Indemnity Company, supra.

For these reasons all of plaintiff's points are overruled.

We believe there are additional reasons why the court properly rendered the judgment that was rendered in the case.

Plaintiff testified to facts that establish that until he returned to work following the injury, he was paid by defendant compensation in an amount equal to the amount he would have drawn had he been totally disabled. This compensation was paid during the entire period that plaintiff could in any way contend that the undisputed evidence showed he was totally disabled for some period of time following the injury. This being true, we believe that any error arising out of the jury's failure to find some period of total disability occurring during this interval for which plaintiff was paid full compensation

would be harmless error under Rule 434, T.R.C.P.

The jury found that plaintiff sustained partial permanent incapacity from the date of the injury. They found that his average weekly wage earning capacity during the period of partial incapacity was $125.00 and that, as of the date of the injury, an average weekly wage that would be fair and just to both parties would be $125.00. Where such findings are made, and "partial incapacity" is defined in the charge as it was in this case, plaintiff would not be entitled to any recovery for the partial incapacity. Indemnity Insurance Co. of North America v. Craik, 162 Tex. 260, 346 S.W.2d 830 (1961).

We think that the judgment of the trial court was correct and affirm it.