**ARGONAUT UNDERWRITERS INSURANCE COMPANY, Appellant,**

v.

**J. R. BYERLY, Appellee.**

No. 6326.

Court of Civil Appeals of Texas. Beaumont.

Oct. 29, 1959.

Rehearing Denied Dec. 2, 1959.

John H. Benckenstein, Beaumont, for appellant.

Joe H. Tonahill, Floyd W. Addington, Jasper, for appellee.

McNEILL, Justice.

The appeal is by Argonaut Underwriters Insurance Company from the judgment rendered upon a jury verdict in the district court of Jasper County awarding appellee J. R. Byerly total and permanent disability in a lump sum under the Workmen's Compensation Law.

We are met at the outset with a motion by appellee asserting that since Art. 7.01 of our Insurance Code V.A.T.S., which authorized the execution of a supersedeas bond by one surety company was repealed by the Legislature, effective August 23, 1957, and since the bond in the record was executed by only one surety company, it is without validity and the appeal should be dismissed. The bond was executed on April 27, 1959, by appellant as principal and the Indemnity Insurance Company of North America as surety and was approved by the district clerk of Jasper County on April 29, 1959. Ch. 87, p. 146, Acts of the 56th Legislature, Regular Session, reinstated Art. 7.02 of the Insurance Code, effective April 23, 1959, authorizing the execution of bonds by a single surety company; and the motion to dismiss is accordingly overruled.

Appellee alleged that on or about April 29, 1958, as an employee of Spencer Construction Company, he was driving a Euclid earth-mover, hauling dirt on a construction project at the McGee Dam site in Jasper County when he received an accidental injury in the course of his employment. The Euclid hauls some 13 tons of dirt at a load and is a large heavy vehicle, the tires of which stand head high. It was alleged that as appellee drove this vehicle along the area and as he held the steering wheel with his left hand and was using his right hand to shift the manual gear of the vehicle, the left front wheel suddenly struck a large rock, spinning the steering wheel violently, catching his left hand therein and terrifically wrenching his left hand, wrist, arm, elbow, left shoulder and other portions of his body, and that said injury has damaged the tissues, tendons, nerves and bony structures of the members mentioned so that he has become totally and permanently disabled. Appellee, who was 47 years of age, testified as to the manner of injury as set out above and that he has been since disabled to work and has suffered much pain, headaches, discomfort and limitation of motion of his left arm and loss of grip in his left hand.

Appellant's answer asserted that the injuries, if any, were trivial and were specific injuries which did not extend to nor affect other portions of his body, and that if appellee could not perform the usual tasks of a workman, this was caused and brought about solely by his failure to exercise, use, and work his left hand, arm and shoulder, or that disease or other natural causes had brought about his present condition.

■ Appellant assigns 26 points of error in its brief, the first six of which are grouped by it in one discussion. In these points it is asserted that the trial court erred in failing to submit an issue inquiring whether appellee sustained a personal injury and an issue inquiring whether the injury was accidental and tendered issues thereon which the court refused. The trial court must have refused these requested issues upon the ground that appellant had "admitted its liability herein", as found in the judgment. We take it that this conclusion of the court was based upon the answers of appellant to certain requests for admission. Before the trial appellee had requested certain admissions of appellant, II(a) thereof being that he was accidentally injured while working for Spencer Construction Company in Jasper County on or about April 29, 1958, II(b) that he sustained such injury in the course of his employment with said company, II(c) that said injury was an accidental injury to his left hand, arm, shoulder, neck, and other portions of his body. Appellant answered the first two requests that it was without knowledge thereof. The following is answer to request II(c): "Defendant is without knowledge of this statement in II(c) and says that the plaintiff did report to John N. Ashby that he was injured while driving a loaded Euclid earth-mover when the front wheel struck large rock, causing steering wheel to spin and catch his hand and twisted his left arm and therefore, this defendant denies any other alleged injuries to the plaintiff occurring at such time and place." We have concluded that the trial court properly held that from the use of this equivocal language appellant impliedly admitted appellee was accidentally injured while in the course of his employment with Spencer Construction Company, but denied the injury except to appellee's left hand and left arm. Montgomery v. Gibbens, Tex. Civ.App., 245 S.W.2d 311. Upon the trial no real question existed as to the fact that appellee received some injury, but the contest centered solely upon its extent. While the submission of the usual issues involving personal injury, whether accidental, and in the course of employment would have been advisable in the present case and would have eliminated much consideration on the part of this court, we are constrained to hold the trial court did not err in refusing said issues.

■ The remaining contention under its first group of points was the objection by appellant to the submission of Special Issue No. 1 "because the same has no support in the evidence, is a charge upon the weight of the evidence, in that it assumes that the plaintiff sustained some total incapacity, and also assumes that the producing cause of such total incapacity was the injury sustained by him, if any, on or about April 29, 1958." Special Issue No. 1 given by the court reads:

"Do you find from a preponderance of the evidence that the plaintiff, J. R. Byerly, sustained total incapacity as a natural result of the accidental injury sustained by him in the course of his employment for Spencer Construction Company, Inc. on or about April 29, 1958 in Jasper County, Texas?"

We have examined the statement of facts and believe that there is sufficient evidence requiring the submission of the issue, in fact appellant now concedes this. (Brief p. 46.) The issue is not upon the weight of the evidence as urged in the above objection. In our judgment Special Issue No. 1 submits both the issues, whether total incapacity was sustained, and whether the injury was the producing cause of the total incapacity. While Rule 277, Texas Rules of Civil Procedure, requires each issue shall be separately submitted, the objection did not urge that it was contrary to this portion of the rule or that it was multifarious. Hodges on Special Issue Submission in Texas, p. 114. Appellant cites the holding of this court in American General Ins. Co. v. Coleman, Tex.Civ.App., 297 S.W.2d 333, at pages 340, 341, that the issue there submitted was error since it involved more than one ultimate fact issue. But this very point was urged in the objection there made.

■ Appellant next complains of the court's refusal to submit its requested issues 9 and 10. Its issue 9 is:

"Do you find from a preponderance of the evidence that the incapacity, if any, to the plaintiff's body generally was not caused solely by the injuries to his left hand and left elbow, if any?"

Its issue 10 is:

"Do you find from a preponderance of the evidence that the incapacity, if any, to the plaintiff generally was not caused solely by injury to his left arm, if any?"

In submitting the question whether the injury sustained by appellee to his left arm affected other parts of his body, the trial court submitted issues 8 and 9 which, with the answers thereto, are:

"Special Issue No. 8

"Do you find from a preponderance of the evidence that the injury of April 29, 1958 to the plaintiff's left arm affected parts of his body other than the left arm, thereby causing incapacity?

"Answer 'Yes' or 'No'

"Answer: Yes."

"Special Issue No. 9

"Do you find from a preponderance of the evidence that the injuries to the plaintiff's left arm of April 29, 1958 have extended to and affected other parts of his body thereby naturally resulting in additional disability, if any?

"Answer 'Yes' or 'No'

"Answer: Yes."

We think these issues submitted the matter. The requested issues 9 and 10 above were not ultimate issues, answers to which would require a judgment. An issue substantially the same as those in requested issues 9 and 10 was answered by the jury favorably to the insurance carrier in Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463(5) and the Supreme Court held the issue and its answer was not one upon which judgment may be rendered for the carrier. See also Lumber-

men's Mutual Cas. Co. v. Zinn, Tex.Civ. App., 220 S.W.2d 906. Appellant urges that Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W.2d 651, 652, is authority for its issues 9 and 10. We do not think the cases are similar. The facts as outlined by Justice Smith in the Scott case were as follows:

"Respondent alleged a specific injury to her left foot, and a general injury to her neck. She did not plead and the case was not tried on the theory that the injury to the foot affected other parts of the body * * Petitioner further alleged in its answer that the injury of plaintiff was confined to and limited to her left foot and that said incapacity to her left foot was temporary and partial * * any incapacity which plaintiff has had in the past or may have in the future has been and will be caused solely by the incapacity to her left foot."

After the jury had found that two separate injuries had occurred the trial court submitted an issue inquiring if the *accidental* injury was a producing cause of the incapacity. The trial court did not say which injury. The court therefore held that the defendant was entitled to have an issue submitted to the jury inquiring if the injury to the left foot was the sole cause of the incapacity.

By point 9 appellant asserts that the court erred in refusing to submit its requested issue 15 which is:

■ "Do you find from a preponderance of the evidence that the effect of the injuries to plaintiff's left hand and left elbow, if any, were confined to said left hand and left elbow?" If answered "yes" as no doubt appellant would prefer, it would not be controlling. Appellee testified that in addition to his hand and elbow being hurt, his shoulder and neck were also injured, that his shoulder and neck became sore and painful and bothered him at all times; that a muscle was torn loose in his neck, that

he had a knot in his neck, and that his sore shoulder caused his neck to hurt and caused him headaches; that since his accident he does not rest at night and is unable to do manual labor, the only kind of work he could do. A finding, therefore, that the effect of the injuries to appellee's hand and left elbow were confined solely to his hand and elbow without also a finding that he sustained no other injury would amount only to an incomplete defense. Requested issue 15, therefore, was properly refused.

■ Point 10 asserts that the court erred in failing to submit an issue whether the injury, if any, was a producing cause of total disability, if any, of appellee and point 11 complains of failure of the court to submit its issue 28 submitting the question. An examination of the above quoted issue No. 1 given by the court reveals that the inquiry was, had Byerly sustained total incapacity, "as a natural result" of the accidental injury received by him. The court in connection with this issue defined "natural result":

"You are instructed that by the term 'natural result,' as used in this charge, is meant that result produced by an injury, if any, or injuries, if any, by itself or by themselves or in connection with another cause or other causes in the usual course of events, in a natural and continuous sequence, and which result would not have occurred but for such injury, if any, or injuries, if any." This definition complies with the substance of the definition of "producing cause" set forth in Jones v. Traders & General Ins. Co., 140 Tex. 599, 169 S.W.2d 160.

■■ Appellee's injury as testified by him was to his left hand, left arm, shoulder and neck. Both Doctors Richardson and Dickerson of Jasper examined and treated appellee. Dr. G. Bruce Stephenson, an orthopedic surgeon of Beaumont, also examined appellee. Each of these doctors advised him to exercise his hand and arm

as well as he could consistently with the pain involved, for exercise would aid recovery. Appellee testified that he had followed the doctors' advice as far as he could. But the facts show that he had worked only about one week some few weeks following his injury for his employer and that when he returned the second week he found the Euclid he had been driving was being operated by another and his job was gone. He testified he had not done any other work because he was not able to. Appellant, contending that appellee did not properly exercise his arm and elbow as advised by the doctors, requested Special Issue No. 17–a, which reads: "Do you find from a preponderance of the evidence that the plaintiff failed to exercise his left elbow?" The court declined to give this issue, hence appellant's 12th point. Appellant also requested Special Issue No. 17–b, which is: "Do you find from a preponderance of the evidence that such failure, if any, is a producing cause of plaintiff's incapacity, if any." This issue was also refused, hence appellant's 13th point. Appellant relies upon that portion of Sec. 4 of Art. 8307, Vernon's Annotated Civil Statutes, reading as follows:

"If any employee shall persist in insanitary or injurious practices which tend to either imperil or retard his recovery, * * * as is reasonably essential to promote his recovery, the board may at its discretion, order or direct the association to reduce or suspend the compensation of any such injured employee * * *",

to sustain its contention that the issues requested should have been given. Appellant properly pleaded the issue, but we do not believe that the evidence raises it. No doctor had informed appellee that he was doing or failing to do anything that would hinder his recovery, while the claimant was repeatedly so informed in the case of Goff v. Texas Emp. Ins. Ass'n, Tex.Civ.App., 278 S.W.2d 326, relied upon by appellant. It is the view of this court that the rule set forth in Texas Employers Ins. Ass'n v. Galloway, Tex.Civ.App., 40 S.W.2d 973, to the effect that in order to raise the issue of insanitary or injurious practices on the part of the injured employee which tends to either imperil or retard recovery of his injury within the meaning of the quoted section, it should be shown that he was requested to refrain from such practices and his refusal to do so. Texas Employers Ins. Ass'n v. Downing, Tex.Civ.App., 218 S.W. 112; Texas Employers Ins. Ass'n v. Roberts, Tex.Civ. App., 281 S.W.2d 104.

Appellant's 14th, 15th, 16th, and 18th points urge the insufficiency of the evidence to support the answers of the jury to Issues 1, 2, 3, and 9. The jury found in answer to Special Issue No. 1 that appellee sustained total incapacity as a natural result of his injuries. In answer to Special Issue No. 2 it found that the total incapacity began on the day of injury, April 29, 1958. And in answer to Special Issue No. 3 it found that total incapacity was permanent. In answer to Special Issue No. 9 it found that the injuries to plaintiff's left arm extended to and affected other parts of his body, thereby naturally resulting in additional disability. We have already set out the substance of appellee's testimony above and will not here repeat it. Dr. Joe Dickerson, who testified for appellee, stated that in his opinion the injuries sustained by him damaged the muscles, tissues, ligaments, sinews, nerves and tendons on his left wrist, left arm, left elbow, left forearm, left shoulder and neck; that this damage to his body was reasonably calculated to be of long duration; that he had lost total use of his left hand and left arm permanently; that appellee has a hand-shoulder syndrome as a result of his injury; that his shoulder and neck condition was reasonably calculated to interfere with his ability to get and keep a job involving the usual tasks of a workman, and that he has been totally disabled from performing the usual tasks of a workman by virtue of his injuries and

that such condition will keep him from performing the usual tasks of a workman in the future. In fact, he testified that the man would be totally and permanently disabled. Dr. G. Bruce Stephenson testified as a witness for appellant. It was his judgment that appellee had sustained a severe strain and wrench to his hand and elbow, that when he examined appellee he made no mention of injuries to his shoulder or neck. He thought that he would not suffer any loss of use except to his hand and elbow. His examination revealed that the left arm could be straightened to about 175 degrees, within 5 degrees of normal, and that he had almost normal grip in his left hand. At the time he examined appellee, which was on June 19, 1958, it was his opinion that if appellee continued to work and exercise his hand and arm he should regain full motion; that he did not expect him to have any residual disability. He testified on cross-examination that in his judgment Byerly did not have a hand-shoulder syndrome which the doctor defined as a definite injury to all the nerve supply in the shoulder or in the upper arm which would involve the hand; it would be damage done to the nerves usually as they come out the side of the neck and such an injury could be caused from a severe blow or a severe jerking. Dr. Stephenson further stated that if the pull or stretching of appellee's left arm was severe enough it could produce such hand-shoulder syndrome. (Appellee had testified that when he received the wrench to his arm that it popped and his arm was paralyzed so that he could not move it for several minutes.) Dr. Stephenson was asked whether that popping and sensation would mean a severe stretching and he answered "yes". He further stated that if the stretching was severe enough appellee could have sustained a hand-shoulder syndrome, headache and pain in the neck and that in all reasonable probability total disability which would incapacitate him permanently. Dr. A. J. Richardson, Jr., of Jasper also testified for appellant. He was the first doctor to examine and treat Byerly for his injuries. He stated that Byerly only complained of his hand and elbow the day he sustained the accident and he diagnosed it as a sprained hand and elbow and in his opinion he did not think he sustained any injury to his shoulder. He advised appellee to massage his arm and hand and to exercise them. After about six weeks appellee still complained of his injuries and Dr. Richardson then sent him to Dr. Stephenson in Beaumont for examination. Considering the testimony involved, the substance of which is set forth, we cannot say that the verdict of the jury is against the great weight and preponderance of the evidence.

The 17th point urged is that the court erred in submitting Special Issue No. 1 as one involving a general injury because, appellant says, that from a preponderance "of the entire evidence there is no evidence of a general injury; the proof showing that whatever injury the claimant suffered was a specific one, to the left arm." From what we have said above, there is no merit to this objection. Evidence of injury to the shoulder raises the issue of a general injury. Texas Emp. Ins. Ass'n v. Potter, Tex.Civ.App., 231 S.W.2d 679.

We have examined the 19th point and it raises no error. Under the circumstances the question is wholly academic. The court properly submitted the percentage of loss of use of appellee's left hand, which was conditioned upon an affirmative answer to Issue 13 whether appellee sustained any partial loss of use of the hand and which the jury answered "no". For the same reason, appellant's 20th point presents no error. The jury having found in answer to Issue No. 13, which was submitted unconditionally, that appellee suffered no partial loss of use of his hand, the difference between his average weekly wage before the injury and his average weekly wage earning capacity afterwards is immaterial.

The last group of points urge error in the calculation of the amount of the judgment rendered. We have recalculated the items in this judgment and find them to be correct.

The judgment below is affirmed.