342 S.W.2d 25 (1960)
PENNSYLVANIA THRESHERMEN AND FARMERS' MUTUAL CASUALTY INSURANCE COMPANY, Appellant,
v.
Doris E. TATOM et vir, Appellees.
No. 16181.
Court of Civil Appeals of Texas, Fort Worth.
December 16, 1960.
Rehearing Denied January 13, 1961.
*26 L. W. Anderson, Dallas, for appellant.
Waller M. Collie, Jr., Dallas, for appellees.
RENFRO, Justice.
This is an appeal by Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company from a judgment rendered upon a jury verdict finding that the claimant, Doris E. Tatom, was totally and permanently disabled under the Workmen's Compensation law.
In its first point of error the defendant contends there was no evidence to support the judgment of permanent disability.
Plaintiff plead that a piece of steel penetrated her right foot, as a result of which she developed an infection which in turn caused thrombophlebitis and tenosynovitis of the right leg, that the pain and disability extended to other parts of the body resulting in a general disability to her body as a whole.
Mrs. Tatom testified: On April 25, 1958, while at work she stepped on a piece of steel, coated with a chemical preservative, which penetrated the ball of her foot to a depth of one-half to one inch. After emergency treatment she went to Methodist Hospital where the wound was reamed out and she was given a tetanus shot. The accident happened on Friday; she returned to work on the following Tuesday; she never worked a full week after that. Because of pain in her foot, she did not work after May. Beginning the latter part of May she went to Dr. Burnett for a considerable period of time and later spent 25 days in hospital. As of time of trial, January, 1960, the pain starts in her foot and goes into lower part of her back and pains all the time. She has aching in her back, especially when she standsa dull ache "all the way up into my back"; cannot walk two blocks without resting, cannot do housework without aid of her children; has *27 to walk on big toe and heel because the other toes "stay up constantly"; she tried to work at a drive-in in June of 1959 but could not because of pain; has been necessary to take to bed to ease pain at various times; she hurts "all over my right side"; pain is no less than it was soon after the injury. The pain in her leg and back is constant and the only relief possible is in elevation of the leg.
Tatom corroborated the testimony of his wife as to her pain and inability to perform household chores.
Dr. Burnett testified Mrs. Tatom had a form of tenosynovitis and had developed a thrombophlebitis of the right leg. A thrombophlebitis is an inflammation in a vein; a thrombosis impairs circulation and causes pain; in his opinion Mrs. Tatom has reached her maximum of recovery; the condition he found is reasonably calculated to cause pain in her right hip and lower back; in his opinion she will never be able to hold down a job.
Dr. Thomasson, called by defendant, was not of the opinion the injury had affected claimant's back, but did testify that if she complained of pain in her hip and lower portion of her back he would have to "go by just what she says"; he simply did not know and could not say she did not have such pain; he admitted the effect of the phlebitis will be permanent; she has thrombophlebitis which is a blod clot in the vein; in a thrombophlebitis the clots just grow or form inside the veins, slowing down the flow of blood.
Where the injury results to a particular member of the body, compensation for the loss of which is specifically provided by statute, the liability of the insurer is limited to that amount, even though the loss of or injury to that particular member actually results in total permanent incapacity of the employee to labor. But an employee is not precluded from recovering for total incapacity if he alleges and proves that the injury to the particular member also extended to and affected other parts of his body, or impaired his general health to such an extent as to totally and permanently incapacitate him. Coleman v. Hartford Accident & Indemnity Co., Tex.Civ. App., 297 S.W.2d 236, writ refused; Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463.
If the evidence shows that the other portions of claimant's body were not impaired except as affected by the injury to or loss of use of the particular member, there would be, under the plain provisions of Sec. 12 of Article 8306, Vernon's Ann.Tex. St., no recovery allowed for the impairment of any other portion of claimant's body. Texas Employers' Ins. Ass'n v. Brownlee, 152 Tex. 247, 256 S.W.2d 76.
In the instant case the evidence shows that even when claimant was quiescent or inactive, the pain, though not as great as when standing or walking, was present in her back. Even when in a prone position her back, as well as her leg, was in pain except when the leg was elevated. Thus, in contrast to the fact situation in the Coleman case, supra, there was an impairment of her general ability to work and of her general health because of the injury apart from her use or attempted use of her leg. As testified to by the doctors, the same blood that flows through her body flows into her right leg, and the return circulation of the blood to her lungs and heart is blocked or slowed down. We believe the evidence summarized, when viewed in the light most favorable to the verdict, as we must view it, together with reasonable inferences to be drawn therefrom, is sufficient to support the jury's findings that the injury affected other parts of claimant's body and that her disability was total and permanent. Texas Employers' Ins. Ass'n v. Polk, Tex. Civ.App., 269 S.W.2d 582.
Fully supporting our position herein, we think, is the recent case of General Accident *28 Fire & Life Assurance Corp. v. Murphy, Tex.Civ.App., 339 S.W.2d 392, to which we call particular attention. See also New Amsterdam Casualty Co. v. Crow, Tex.Civ.App., 16 S.W.2d 560.
In point two the defendant contends its objection to issue No. 1 and the conditional instruction which followed issue No. 1 should have been sustained.
Issue No. 1 read: "Do you find from a preponderance of the evidence that the injury sustained by Doris Tatom to her right foot on or about April 25, 1958, affects parts of her body other than her right leg, thereby causing disability? Answer `Yes' or `No'. Answer: Yes."
The instruction of which complaint is made read: "If you have answered the preceding special issue yes, answer the following Special Issue No. 2; otherwise do not answer it." Issue two then inquired if claimant sustained any total disability following the foot injury.
It was stipulated that claimant sustained an accidental injury, while in the course of her employment, to her right foot and that said injury extended to and affected her right leg. The only contest before the jury was whether or not the injury extended to and affected other parts of the body and, if so, to what extent.
The defendant contends Issue No. 1 should have been submitted independently without being conditioned in any manner and that the instruction quoted above informed the jury of the effect of their answer and constituted a comment on the weight of the evidence.
Issue No. 1 was submitted unconditionally and independently without reference to any other issue. We do not see that the instruction which followed was a comment on the weight of the evidence or that it told the jury the effect of their answer.
The issue as submitted and the instruction following said issue did not deprive the defendant of the submission of any independent grounds of defense. We overrule the point of error.
Defendant's third point of error complains of improper jury argument on the part of claimant's counsel. The argument of which complaint is made was brought forward in the statement of facts. It is not before us by bill of exception or by agreement of claimant that it be brought by any other method. We think, therefore, it is not properly before us. Pritchett v. Highway Insurance Underwriters, 158 Tex. 116, 309 S.W.2d 46; Bolstad v. Egleson, Tex.Civ.App., 326 S.W.2d 506.
We have, however, examined the argument and do not find that it, if indeed improper, was of such nature as to warrant a reversal of the case. Rules 434, 503, Texas Rules of Civil Procedure. Smith v. United Gas Pipe Line Co., 149 Tex. 69, 228 S.W.2d 139; American General Insurance Co. v. Dennis, Tex.Civ.App., 280 S.W.2d 620.
The judgment is affirmed.