Olin PETTY, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 16707.

Court of Civil Appeals of Texas.

Fort Worth.

March 4, 1966.

Rehearing Denied April 15, 1966.

---

Jacobs & Lipscomb, and Tom B. Renfro and Kelly Jacobs, Fort Worth, for appellant.

Simon, Crowley, Wright, Ratliff & Miller, and Kleber C. Miller, Fort Worth, for appellee.

MASSEY, Chief Justice.

This is a workmen's compensation case in which plaintiff Olin Petty sustained a specific injury to his hand. On the theory that the injury extended to and effected the body generally, thereby resulting in general total permanent incapacity, plaintiff sought not merely specific compensation but general compensation.

On trial the answers of the jury were such that the court deemed it proper to render judgment against the defendant insurer, Texas Employers' Insurance Association, for compensation for specific injury. The plaintiff here contends that the answers of the jury entitled him to judgment for total permanent disability. Alternatively, plaintiff seeks a remand of the cause for another trial on the theory of conflict in the answers of the jury.

In answer to special issues the jury found: (1) plaintiff sustained an injury to his right hand resulting in a total loss of use of the hand; (1a) that such total loss of use commenced on October 6, 1962; (2) that such total loss of use was permanent; (8) that the injury to the hand extended to and affected the right shoulder, thereby causing disability to the shoulder; (9) that plaintiff sustained some total disability following the injury of October 6, 1962; (10) that the injury to the hand was a producing cause of such total disability; (12) that such total disability began October 6, 1962; (13) that such total disability has been and will be permanent in duration. However, and of controlling importance was the plaintiff's special issue No. 11, in answer to which the jury replied in the negative, or "no". It read: "Do you find from a preponderance of the evidence that the resulting injury, if any, to plaintiff's right shoulder was a producing cause of such total disability, if any?"

As applied to the plaintiff's total disability the jury therefore found that such resulted (in part at least) from the injury to and resultant disability in his hand. The jury, furthermore, found that the same injury (and its effects) extended to and affected the plaintiff's right shoulder. However, the jury refused to find (as plaintiff desired) that the condition of the shoulder was a producing cause of the total disability which the plaintiff had sustained.

We believe plaintiff is wrong in his contention that judgment should have been rendered for him. A favorable answer would have been necessary to Special Issue No. 11 for him to be so entitled. Though he show that there has been an extension of a specific injury to some part of the body other than the specific member, in order to be entitled to compensation for general total permanent incapacity he must also show that the condition of general total permanent incapacity was caused by such extension. Travelers Insurance Company v. Marmolejo, 383 S.W. 2d 380 (Tex.Sup.1964).

In connection with plaintiff's contention that a conflict exists in the jury's answer to Special Issue No. 11 and other answers returned, we completely disagree. The rule relative to the character of conflict necessary to require another trial is established in Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 991 (1949). In the present instance plaintiff cannot demonstrate that one of the answers asserted as in conflict with another, or others, necessarily required the entry of a judgment different from that which the court entered.

The court properly rendered judgment for compensation for specific injury. Plaintiff was not entitled to any different judgment, nor another trial.

Judgment affirmed.