**TEXAS EMPLOYERS' INSURANCE ASSOCIATION**

v.

**Bradley M. SHANNON.**

No. 8051.

Court of Civil Appeals of Texas, Amarillo.

March 23, 1970.

Rehearing Denied April 27, 1970.

Gibson, Ochsner, Adkins, Harlan & Hankins and S. Tom Morris, Amarillo, for appellant.

Mark Smith, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a workmen's compensation case. The trial was to a jury, and from the jury's verdict, the trial court entered judgment for the plaintiff for total and permanent disability benefits for 401 weeks at $35.00 per week, less credits and discounts plus interest. From that judgment, defendant perfected this appeal. The plaintiff Shannon will hereafter be referred to as appellee, and defendant, Texas Employers' Insurance Association, as appellant.

By appellant's first eight points of error, it is contended that appellee did not properly sustain his burden of proof establishing the weekly wage rate as provided for

under Subdivision 2 of Art. 8309, Vernon's Ann.Texas Civil Statutes. The appellee had not worked the required time as provided for under Subdivision 1 of Art. 8309. By Special Issues 12, 14 and 15, the issues inquired if there was another employee of the same class as plaintiff working substantially the whole of the year immediately preceding plaintiff's injury, if any, in the same or similar employment in the same or neighboring place; if there was not another employee of the same class of the plaintiff working substantially the whole of the year immediately preceding plaintiff's injury, if any, in the same or similar employment in the same or neighboring place, what amount of money, if any, would be just and fair to be fixed as the average weekly wage of the plaintiff.

Appellant contends there was no evidence, or alternatively the evidence was insufficient, to support the jury's answers to those issues and that the issues were improperly phrased in terms of "substantially the whole of the year", whereas the statutory requirement is "at least 210 days", and that appellee had failed to support his burden of proof relating to Subdivision 2 of Art. 8309.

The appellant admitted that it paid the appellee $35.00 per week during the period in which he was incapacitated following his injury on July 7, 1967. All the proof appellee offered, as to whether any one worked for 210 days during the year immediately preceding his injury doing the work that he was doing, was that he did not know. Appellee did not comply with the requirements set out under Art. 8309, and the real issue to consider is whether the admission by the appellant that it paid appellee $35.00 per week during the period in which he was incapacitated following the injury would relieve the appellee of such requirement. The appellant had been paying appellee the $35.00 per week compensation, and appellee had been accepting that amount, therefore, the parties had accepted $35.00 as the average weekly wage.

The voluntary payment of compensation by appellant in the absence of a showing of fraud, accident, mistake or misrepresentation constitutes an admission that the amount of compensation paid per week is based upon the proper wage rate. There would be no reason to cause proof or submission of an issue of a matter both parties had agreed upon. Transamerica Insurance Co. v. Beseda, Tex.Civ.App., 443 S.W.2d 915 (n.r.e.). It is stated in United States Fidelity & Guaranty Co. v. Camp, Tex.Civ.App., 367 S.W.2d 952 (n.r.e.) as follows:

"Furthermore, the law is well settled in this State that the voluntary payment of compensation by the workmen's compensation carrier, in the absence of a showing of fraud, accident, mistake or misrepresentation, constitutes an admission that the amount of compensation paid per week is based upon the proper wage rate. There is nothing in the record showing that appellant claims that the payment by it to appellee of $19^{10}\%_{35}$ weeks' compensation in the amount of $35.00 per week was induced by fraud, accident or mistake, or any effort to compromise. Its admission consisting of such payment would in itself justify and authorize a recovery by appellee of compensation at the rate of $35.00 per week. Texas Employers Ins. Ass'n v. Grimes, Tex.Civ.App., 268 S.W.2d 786, ref., n.r. e.; Traders & General Ins. Co. v. Harper, Tex.Civ.App., 140 S.W.2d 593, error ref.; Texas Employers Ins. Ass'n v. Hamor, Tex.Civ.App., 97 S.W.2d 1041; Texas Employers Ins. Ass'n v. Hodnett, Tex.Civ.App., 216 S.W.2d 301, ref. n.r.e.; Fidelity Union Casualty Co. v. Dapperman, Tex.Civ.App., 47 S.W.2d 408 error dism."

We overrule appellant's first eight points of error.

By appellant's assignments of error 9 through 14, it is contended the court erred in overruling its objections to Special Issues 9, 10, and 11 because Special Issue 9

was framed in the disjunctive rather than the conjunctive; that there was no evidence upon which to base Issue 9, and in the alternative, insufficient evidence and against the great weight and preponderance of the evidence; that there was no evidence to support Special Issues 10 and 11, and that there was no evidence, or alternatively the evidence was insufficient, to support the jury's answer to Special Issue 11 and that such answer was against the great weight and preponderance of the evidence.

Issue 9 was as follows:

"Do you find from a preponderance of the evidence that the injury to plaintiff's leg extended to or affected parts of the body other than the leg, thereby causing incapacity?"

Then Issue 10 inquired of the commencement date of his incapacity, if any, and by Issue 11 if such incapacity, if any, was total incapacity. According to appellant's pleadings and testimony, he does not rely solely upon the contention that the injury to his leg extended to or affected parts of his body other than the leg. There is evidence to justify a finding that his back was injured when he was knocked into the stem.

In connection with appellant's points 9 through 14, we will consider appellant's 15th point of error where it is contended there was no evidence, or alternatively the evidence was insufficient, to support the jury's answer to Special Issue 3 of the court's charge and such answer was against the great weight and preponderance of the evidence. Special Issues 1 and 2 of the court's charge inquired whether appellant, on July 7, 1967, sustained total incapacity for any length of time as a natural result of the accidental personal injury, if any. The jury answered he did, and then Special Issue 3 inquired if it was permanent or temporary. The jury answered permanent. Special Issues 1 and 2 are undisputed and in no way contested. Therefore, if there was sufficient and proper proof to sustain the finding of the jury as to Special Issue 3 then the errors complained of as to points 9 through 14 would be harmless errors.

■ In considering appellant's contention that the jury's answer to Special Issue 3 was so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust, we are required to weigh and consider all of the evidence in the case and set aside the verdict and remand the cause for a new trial if we consider the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

■ Appellee testified that on July 7, 1967, he was struck a tremendous blow by a hugh tong (about six feet long and weighing about 100 lbs.) which whipped around and struck his legs and knocked him into the drill stem, then off on the floor of the rig, all the way off the table and onto the floor, and that his entire back from the rib cage down turned black by the time he reached the hospital. He further testified that he hit the stem across his back and hips and that he passed blood in his urine, and that he was bruised on the back side right below the rib cage all the way down to the calves of his legs. It is undisputed that he had to be operated to have tumors removed from his leg and that they had grown back again. He had made applications for employment but was refused because he had flunked the physical. The doctor who operated him gave the following testimony:

"Q. Can you state, Doctor, this, if you were to examine this man for the purposes of hiring him to do work on an oil rig, climbing, other heavy work, with his history of the leg injury, the injury to the muscles in the leg, his history of numbness and pain, for the purposes of going to work, doing heavy manual labor, would you

pass him for a company to hire him?

A. I would suggest before they hired him that he get a neurological evaluation to evaluate his difficulty that apparently is limiting his job now. As I understand it, this was why he was coming down again, was because this mass was recurring and his leg pain was making it more difficult for him to work now, but I would—frankly, I would be reluctant to recommend or pass him to do manual labor, because I question that he could stay up with it and I am not sure what the cause of his problem is and it might actually make the situation worse.

I feel until we actually find out why he is having this problem, I would be reluctant to recommend that he do a lot of hard work."

Under this testimony, and other evidence not here quoted, we are of the opinion the jury was justified in finding the injury was permanent. Other evidence introduced to show appellee's injuries were not permanent was the fact that after he was injured he did do certain work. It is stated in Consolidated Underwriters v. Whittaker, Tex.Civ.App., 413 S.W.2d 709 (n.r.e.) as follows:

"The rule is established in this state that the fact that an injured employee resumes work after injury, but only under the whip of necessity, does not necessarily preclude a finding of total permanent disability; the latter issue remains, nevertheless, one of fact to be passed upon by the jury. (Southern Underwriters v. Grimes, 146 S.W.2d 1058 (Tex.Civ.App., San Antonio, 1940, dism., judg. corr.); Texas Employers' Ins. Ass'n v. Mallard, 192 S.W.2d 302 (Tex. Civ.App., Galveston, 1946, writ ref., n. r. e.); Mabry v. Travelers Ins. Co., 193 F. 2d 497 (United States Court of Appeals, Fifth Cir., 1952); Pennsylvania Threshermen & Farmers Mutual Casualty In-

surance Company v. Gloff, 238 F.2d 839 (United States Court of Appeals, Fifth Cir., 1956)."

We have carefully considered all of appellant's assignments of error and overrule all of them. The judgment of the trial court is affirmed.