**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Petitioner,**

v.

**R. L. WILSON, Respondent.**

No. B–4913.

Supreme Court of Texas.

April 16, 1975.

Nelson, Sherrod & Carter, Stan Carter, Wichita Falls, for petitioner.

Kearby Peery, Wichita Falls, for respondent.

DENTON, Justice.

This is a workmen's compensation case wherein the question is whether the plaintiff, R. L. Wilson, who had suffered a specific injury, is entitled to a recovery for total and permanent disability based upon the extension of the specific injury and its effects to his body as a whole. After trial to a jury, the trial court awarded Wilson a judgment on the verdict allowing recovery for a general injury, however, the court of civil appeals reversed and remanded the cause upon the holding that jury answers involving two controlling issues were in irreconcilable conflict. 513 S.W.2d 892. We agree, but for a different reason, with the holding of the court of civil appeals that the judgment of the trial court awarding a general disability cannot be sustained and therefore reverse the judgment of the court of civil appeals as well as that of the trial court and render judgment for Wilson for the specific injury.

Mr. Wilson, while working as a driller on an oil rig, was struck in the right eye by a piece of chain, the resulting injury requiring the surgical removal of the eye. The defendant, Texas Employers' Insurance Association, admitted in its pleadings liability for the specific injury to the eye, however, Wilson sought recovery for total and permanent disability on the basis of the existence of a traumatic neurosis alleged to have been brought on by the injury, the removal of the eye and resulting nervousness affecting his body generally. Expert medical testimony elicited at trial was to the effect that Mr. Wilson is presently suffering from generalized, nonintentional tremors or shakiness of all extremities which was described as being characteristic of an anxiety state. Additional testimony reflected the opinion that the basis or cause of this anxiety involved the consideration of several things including Mr. Wilson's background, including 33 years of working in the oil fields, his age of 60 years, the loss of the eye and the resulting impairment of his vision, his apprehension of the difficulty he would face in the future in obtaining work as well as his ability to do whatever job he might secure, and his anxiety over the present lawsuit.

■ At the conclusion of the introduction of evidence the case was submitted to the jury upon special issues, two of which were answered as follows:

SPECIAL ISSUE NO. 1:

Do you find from a preponderance of the evidence that the disability, if any, of plaintiff R. L. Wilson is not limited solely to the loss of his right eye?

Answer "It is not limited" or "It is limited."

Answer: It is not limited.

SPECIAL ISSUE NO. 2:

Do you find from a preponderance of the evidence that the damage or harm, if any, suffered by the plaintiff as a result of the injury of December 29, 1970, extended to and affected the plaintiff's body generally thereby causing incapacity to the body as a whole?

Answer "Yes" or "No."

Answer: No

It was the view of the court of civil appeals that the answers to these special is-

sues were in irreconcilable conflict; the first creating a cause of action for a general injury and the second being a finding of a limited, specific injury. We are of the opinion, however, that an affirmative response to Special Issue No. 1 is not controlling in a determination of the existence of a general injury.

When an injury has been sustained by a particular member of the body for which the Workmen's Compensation Act provides a specific measure of compensation, the liability of the insurance carrier is limited to the statutory amount, even though the loss of or injury to that particular member actually results in total and permanent incapacity of the employee to work. Argonaut Insurance Co. v. Newman, 361 S.W.2d 871 (Tex.1962); Texas Employers' Insurance Association . v. Brownlee, 152 Tex. 247, 256 S.W.2d 76 (1953); Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463 (1943). An injured employee, however, is not precluded from the recovering for total incapacity if he alleges and proves that the injury to the particular member also extended to and affected other portions of his body or has impaired his general health to such an extent as to totally and permanently incapacitate him. Western Casualty and Surety Co. v. Gonzales, 518 S.W.2d 524 (Tex.1975); Travelers Insurance Co. v. Marmolejo, 383 S.W.2d 380 (Tex.1964); Argonaut Insurance Co. v. Newman, *supra.* However, as stated by this Court in Travelers Insurance Co. v. Marmolejo, *supra,* 383 S.W.2d at 382.

> [T]he plaintiff does not establish his right to a judgment for general disability by merely showing that a specific injury has affected the body generally and thereby caused incapacity. *He must go further and obtain a finding that his incapacity was caused by an extension of the injury to some part of the body other than a specific member.* (Emphasis added).

The ultimate issue then, is whether the injury *extended* to and affected other portions of Mr. Wilson's body or was confined solely to his eye. *See* Travelers Insurance Co. v. Marmolejo, *supra.* Special Issue No. 1, however, inquired in the terms of *disability* only and does not constitute a finding of an extension of *injury* to the body generally. The jury by answering this issue affirmatively indicated that they considered Mr. Wilson to be suffering from a disability to parts of his body other than his right eye, however, no cause of that disability was established. Turning now to Special Issue No. 2, it is apparent that the jury concluded that Mr. Wilson's disability, whatever its source, was not suffered as a result of the injury to the eye extending to and affecting the body as a whole. It is therefore apparent that the claimant has failed in his burden to allege, prove and secure a finding that the injury to the specific member extended to and affected other portions of his body.

Upon oral argument of this cause there was considerable discussion by the attorney for the respondent as to the existence of a general injury as a matter of law in view of the undisputed medical testimony at trial to the effect that Mr. Wilson is indeed now suffering from an anxiety state that has arisen following his unfortunate accident. It may be true that Mr. Wilson's anxiety state can be traced back to the period of time immediately following his accident for if there had been no accident and no physical harm there would have been no resulting claim or suit. This, however, would not show conclusively as a matter of law that the anxiety state was a wholly separate injury arising out of the original accident. As was stated in Texas Employers' Association v. Espinosa, 367 S.W.2d 667 (Tex. 1963):

> Specific injuries like all bodily injuries have their painful aftermaths and like undesirable consequences, but mere proof of this is insufficient in law to show an extension of a specific injury.

It therefore must be concluded that although the claimant may be disabled by reason of a neurosis traceable in part to *circumstances* arising out of and immediately following his injury, there must be a finding that the neurosis was the result of the *injury*. Hood v. Texas Indemnity Insurance Company, 146 Tex. 522, 209 S.W. 2d 345 (1948).

The findings of the jury in response to Special Issues Nos. 1 and 2 preclude an award for general injury and require the rendition of judgment establishing the liability of the insurance carrier for the specific injury suffered by Mr. Wilson as provided in Article 8306, Section 12, Vernon's Annotated Civil Statutes. Accordingly, we reverse the judgments of the court of civil appeals and the trial court and render judgment for Wilson for the specific injury, subject to a credit for the compensation payments heretofore paid to Mr. Wilson by the petitioner.