**Marcello GALLEGOS, Appellant,**

**v.**

**TRUCK INSURANCE EXCHANGE,
Appellee.**

**No. 15694.**

Court of Civil Appeals of Texas,
San Antonio.

Jan. 19, 1977.

Rehearing Denied Feb. 16, 1977.

**668**

Southers, Goldberg, Lyons & Huson, Inc., Karl Dorr, Frank R. Southers, San Antonio, for appellant.

Robert B. Summers, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a workman's compensation case in which the question is whether there is sufficient evidence to warrant an award for general disability rather than only a specific injury to the workman's left eye. Trial was to a jury resulting essentially in jury findings that the injury to the left eye had extended to and affected the claimant's head; that the injury was a producing cause of some incapacity; and that such incapacity was total and permanent. Appellee, Truck Insurance Exchange, filed a motion for judgment non obstante veredicto and a motion to disregard the jury's answers to Special Issue No. 1[1] and Special Issue No. 2 (producing cause of incapacity), which motions were granted by the trial court. Appellee had stipulated that appellant had suffered total and permanent loss of sight in his left eye and judgment was entered accordingly for such loss.

There is evidence to support the jury findings that Gallegos is totally and permanently disabled. The question before us is whether there is any evidence to support the jury finding that Gallegos' injury to his left eye extended to and affected his head.

A judgment non obstante veredicto may be rendered only when there is no evidence upon which the nonmoving party may prevail. In deciding whether there is any evidence of probative value to support the finding in question, an appellate court must consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); Rule 301, Tex.R.Civ.P.

Gallegos was injured during the course of his employment as a result of battery acid dripping into his left eye. Appellee does not question the severity of the injury to such eye and stipulated that Gallegos had suffered total and permanent loss of sight in his left eye. Since the date of the accident Gallegos has had frequent headaches and pain and has been unable to work or engage in much physical activity. Gallegos testified that he has severe headaches basically on the left side of his head; that there is nothing wrong with his right eye except sometimes it waters; that there is some pain on the right side but not very severe; that the pain is on the left side and feels

1. Do you find that the injury to Gallegos' left eye extended to and affected his head, or that such injury to Gallegos' left eye was confined to his left eye?

The following instruction was given:

"In connection with Issue No. 1, you are instructed that the left eye injury does not extend to and affect the head if the use or attempted use of the injured member merely results in pain in the head, without producing damage or harm to the physical structure of the head."

like it is in the inside of the eye; that the pain that keeps him from working is pain in his left eye; that whenever he picks up something heavy the nerve inside his left eye bothers him; and that he has not been able to work because of the pain and essentially can do little physical activity. He further testified that he can only work for short periods of time; that the pain is on the left side on the inside and on the left half of the head; that he is unable to work because of the pain he feels inside his eye; and that he also feels some pain on the outside of the eye.

Several lay witnesses testified as to Gallegos' inability to work and stated he had dizzy spells when he went out in the sun.

Dr. Robert H. Poirier, an ophthalmologist, was the only medical witness to testify. He first saw Gallegos about two weeks after the accident and treated him about 25 times. He testified that Gallegos' left eye had a visual acuity of only 15/400ths with glasses; and that he suffered from a scarring injury to the cornea. He testified that Gallegos' injured eye suffered from a condition known as marked or chronic uveitis, which consists of outpouring of inflammatory cellular elements into the middle and posterior parts of the eye; and that patients with uveitis have several symptoms, including pain, headache, loss of vision, sensitivity to light, swelling and spasms around the injured eye, and tearing and blinking in both eyes.

He testified positively that the injury is confined to the left eye and that there is no direct evidence of damages or physical harm to the right eye or any other part of the body; he did recognize that in a "paired sensory system" injury to one eye will necessarily have some effect on the other eye, but stated that Gallegos' right eye was essentially normal.

■ The fact that pain alone (as distinguished from an extension of the injury) extends from an injury to a distinct member of the body to the body does not make the injury a general one and will not support a finding of general incapacity. *Texas*

*Employers' Insurance Association v. Shannon*, 462 S.W.2d 559 (Tex.1970).

In *Texas Employers' Insurance Association v. Espinosa*, 367 S.W.2d 667 (Tex.1963), Espinosa suffered a cut in the cornea of his left eye. Espinosa testified that since the injury he had suffered severe pain, could not stand bright sunshine, had constant headaches and dizziness, and that he could only do limited work. This testimony was corroborated by lay witnesses who worked with him.

An ophthalmologist testified that he found no physical objective evidence connecting the headaches and dizziness of which Espinosa complained to a source other than the injury to the left eye. The jury found that the injury extended to and affected his right eye, thereby resulting in incapacity. The San Antonio Court of Civil Appeals, with one justice dissenting, held that the doctor's testimony was not conclusive on the affect of extension, and affirmed the trial court.

The Supreme Court reversed, saying:

There is no evidence which causally links Espinosa's headaches and dizziness to a source other than an injury to the left eye and his attempts to use his left eye in its impaired condition. To hold that subjective complaints of pain, headaches and dizziness following a specific eye injury constitute in themselves evidence of the extension of the specific injury so as to affect the body generally would be to disregard the specific injury concept upon which Article 8306, § 12, is based. Specific injuries like all bodily injuries have their painful aftermaths and like undesirable consequences, but mere proof of this is insufficient in law to show an extension of a specific injury.

*See also Coleman v. Hartford Accident & Indemnity Co.*, 297 S.W.2d 236 (Tex.Civ. App.—Fort Worth 1956, writ ref'd).

■ The burden of proving that the specific injury extended to and affected other portions of the body so as to result in a general injury rests upon the claimant. *Texas Employers' Insurance Association v.*

*Brownlee,* 152 Tex. 247, 256 S.W.2d 76 (1953); *Consolidated Underwriters v. Langley,* 141 Tex. 78, 170 S.W.2d 463 (1943). This burden was not met by Gallegos. We hold that there is no evidence of probative value to support the jury's finding that the injury to the left eye extended to and affected the head.

All of Gallegos' points of error have been considered and all are overruled. The judgment of the trial court is affirmed.