TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

Bernard L. ESKUE, Appellee.

No. 6703.

Court of Civil Appeals of Texas, El Paso.

Nov. 15, 1978.

Rehearing Denied Dec. 20, 1978.

Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Paul McCollum, Odessa, for appellant.

Burnett & Ahders Associated, Ruff Ahders, Norma Venso, Odessa, for appellee.

## OPINION

PRESLAR, Chief Justice.

This is a worker's compensation case involving questions of the form of requests for issues and instructions, and the sufficiency of the evidence to sustain a finding that a specific injury extended to and caused a general injury. The trial Court awarded damages for total and permanent disability in the amount of $19,649.00, less a credit of $6,713.00 which had been paid to claimant. We reverse and remand.

The claimant suffered an injury when a drill bit fell from a rack and struck him breaking his right leg some four or five inches above the ankle. The injury was repaired with a metal plate, and he was on crutches with his leg in a cast for almost a year when the leg broke again at the point of repair. The metal plate was replaced with a bone graft and Appellant was again on crutches for a number of months, and at the time of trial, some four and one-half years after the original injury, he was still walking with a cane and wearing a back brace.

Under the provisions of Article 8306, Sec. 12, Tex.Rev.Civ.Stat.Ann., the Legislature has provided that an injured employee should receive a fixed and definite compensation for certain specific injuries enumerated in Section 12. The Section enumerates the several specific injuries and the amount of compensation for each, and provides that the compensation for each specified injury "shall be in lieu of all other compensation * * *." In this case, it was stipulated that the claimant sustained an injury and that the Defendant had paid him $6,713.00 in compensation benefits. Plaintiff's pleading on which he went to trial was:

"* * * Plaintiff suffered injury and damage to the nerves bones and soft tissues of his right leg, extending to and effecting [sic] the back and body as a whole resulting in total and permanent disability."

The Defendant insurance carrier pled as an affirmative defense:

"* * * that if plaintiff sustained any accidental personal injury, the same was confined and limited to the right foot below the knee, and that any effects thereof were confined and limited to said member, which is and was a specific injury within the meaning of the Workmen's Compensation Act * * *."

The burden of proving that his injury to the right leg below the knee extended to and affected other portions of his body so as to result in a general injury rests upon the claimant. *Texas Employers' Ins. Ass'n v. Brownlee*, 152 Tex. 247, 256 S.W.2d 76 (1953); *Consolidated Underwriters v. Langley*, 141 Tex. 78, 170 S.W.2d 463 (1943); *Texas Employers Insurance Association v. Wilson*, 522 S.W.2d 192 (Tex.1975); *Gallegos v. Truck Insurance Exchange*, 546 S.W.2d 667 (Tex.Civ.App.—San Antonio 1977, writ ref'd n. r. e.). To meet that burden, the trial Court submitted Special Issue No. 1 as follows:

"Did the injury sustained by the Plaintiff on December 28, 1972, extend to and affect the Plaintiff's general health thereby producing incapacity to the body generally?"

This was followed by the following instructions:

"'Damage or harm to the body generally' means in this charge, damage or harm extending to and affecting the body generally other than the right leg below the knee and the right leg above the knee.

"'Producing incapacity to the body generally' is damage or harm to the body generally that is not restricted to or

caused solely by the loss of use of the right leg below the knee and the right leg above the knee.

"An injury to a specific member does not 'extend to and affect' other parts of the body if the use or attempted use of the injured member merely results in pain or other subjective complaints in such other parts of the body without producing damage or harm to the physical structure of such other parts."

The jury answered "Yes," and conditioned on the "yes" answer to that issue, they then answered Special Issue No. 2 "Yes," which was:

"Was the injury to his right leg below the knee as extended to and affecting his general health, a producing cause of any total incapacity?"

There is evidence from which the jury could conclude that the claimant in this case is totally disabled, but we have concluded that the evidence is factually insufficient to establish that such disability results from an extension of the injury of the right leg. The specific injury to the right leg is the only injury suffered by the claimant, and the Insurance Company has stipulated as to that, together with the fact that it has paid him the statutory amount provided for such specific injury. In a case such as this where the claimant seeks to extend a specific injury to a general injury, he is met with legal concepts which have been consistently followed by the Supreme Court of our State, most recently reiterated by the Supreme Court in the case of *Texas Employers Insurance Association v. Wilson, supra.* The Court quoted from its oft quoted and followed case of *Travelers Insurance Company v. Marmolejo,* 383 S.W.2d 380 (Tex.1964), as follows:

" '[T]he plaintiff does not establish his right to a judgment for general disability by merely showing that a specific injury has affected the body generally and thereby caused incapacity. *He must go further and obtain a finding that his incapacity was caused by an extension of the injury to some part of the body other than a specific member.'* (Emphasis added)"

In the case before us, Appellant has points of error that there is no evidence and insufficient evidence that the injury to Plaintiff's leg below the knee extended to and affected other portions of his body. In our review of the evidence under these points, we have considered in connection with the "no evidence" points only the evidence and the inferences tending to support the findings and disregarded all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). In deciding the factual insufficiency point of error, we have considered all of the evidence both pro and con. The claimant's evidence as to his disability is that since the injury to his leg, he has become nervous, he experiences pain in his back, and his left arm has suffered numbness and weakness from the use of a crutch; and that each of these three problems began some months after his injury.

In *Texas Employers Insurance Association v. Wilson, supra,* the claimant sought to extend a specific injury to a general injury on the basis of the existence of a traumatic neurosis alleged to have been brought on by the injury, and that such amounted to an anxiety state which was disabling. In rejecting the contention, the Court said:

" * * * It may be true that Mr. Wilson's anxiety state can be traced back to the period of time immediately following his accident for if there had been no accident and no physical harm there would have been no resulting claim or suit. This, however, would not show conclusively as a matter of law that the anxiety state was a wholly separate injury arising out of the original accident. As was stated in *Texas Employers' Association v. Espinosa,* 367 S.W.2d 667 (Tex. 1963):

'Specific injuries like all bodily injuries have their painful aftermaths and like undesirable consequences, but mere proof of this is insufficient in law to show an extension of a specific injury.' "

The holding of that case is controlling of the claim of nervousness here as an extension of the leg injury.

As to his back, the claimant testified that he started having pain in it when he switched from crutches to the use of a cane, and that the pain persists to this day when he tries to walk with a cane. It was held in *Espinosa, supra,* and *Texas Employers' Ins. Ass'n v. Brownlee, supra,* that pain caused by an injury to a particular member and felt in another part of the body is not of itself sufficient to support a recovery for anything more than the original specific injury. Such was also the holding in *Travelers Insurance Company v. Guidry,* 461 S.W.2d 170 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.). That case, too, had an injury to the leg as the specific injury. The Supreme Court's latest expression on the subject is to reaffirm its holding that pain alone originating in the condition or use of an injured extremity and extending to other parts of the body is not an extension of the injury. *Western Casualty and Surety Company v. Gonzales,* 518 S.W.2d 524 (Tex. 1975). Under authority of these cases, claimant's evidence of pain when he attempts to use the injured leg is not evidence of an extension of that injury to some other part of the body.

The claimant's arm trouble may be some evidence of an extension of his specific injury, if it can be said that the use of crutches is a part of his medical treatment. It is held that where disability results from medical treatment instituted to cure or relieve an employee from the effects of his injury, it is regarded as having been proximately caused by the injury and is compensable. *Western Casualty and Surety Company v. Gonzales,* 506 S.W.2d 303 (Tex.Civ.App.—Corpus Christi 1974), aff'd, 518 S.W.2d 524 (Tex.1975). The claimant testified that his arm was weak, was at one time paralyzed, is still numb but is now improving with treatment, and that it was caused by the use of his crutch. The evidence is conflicting as to whether the crutch was prescribed as a part of his medical treatment. In the light which we must

view the "no evidence" point, we conclude that this evidence as to the arm is some evidence of an extension of his specific injury to other parts of the body, and overrule the "no evidence" point. However, viewing all of the evidence, we conclude that the evidence is factually insufficient to support the jury's answer to Special Issue No. 1, and that for that reason the case must be remanded for another trial.

Appellant objected at length to the Court's Charge and requested issues and instructions in connection with its plea that the injury was confined to the lower leg. Under Tex.R.Civ.P. 273, requests for special issues and instructions must be submitted separately from objections to the court's charge. That was not done in this case. Appellant urges that the requirements of the Rule are moot because the requests, though made with the objections, were reduced to writing and were each separately overruled by signature of the trial Judge. Appellant says the only question now is the correctness of the overruling. We are unable to agree because of the Supreme Court's interpretation of Rule 273 in the case of *Templeton v. Unigard Security Insurance Company,* 550 S.W.2d 267 (Tex. 1977). It was there held that "[v]iolation of Rule 273 precluded appellate review of the request for a special issue and the request for an instruction to the jury." We are unable to consider the points of error on requests for issues and instructions.

We have not written on Appellant's objections to Special Issue No. 1 for inquiring if Plaintiff's "general health" was affected and following the inquiry with a definition of "damage or harm to the body generally" and no definition of "general health." The objections are quite long, but we do not refuse to consider them under Rule 274, nor do we wish to be on record as approving them. It is unnecessary that the objections be considered under our holding that the evidence is factually insufficient to support the jury finding as the issue was submitted.

The judgment is reversed and this cause remanded for another trial.

OSBORN, Justice, concurring.

I concur in the opinion by Chief Justice Preslar and feel compelled to do more than remand for a new trial with no guidance to the trial Court concerning the first issue which was submitted to the jury, and to which counsel for Appellant made numerous objections.

In *Olson v. Hartford Accident and Indemnity Company,* 477 S.W.2d 859 (Tex. 1972), Justice Greenhill noted that the Workmen's Compensation Act was not intended to provide health insurance, but was designed to provide compensation for incapacity flowing from an accidental personal injury. That position was restated by the Chief Justice in a dissenting opinion in *Henderson v. Travelers Insurance Company,* 544 S.W.2d 649 (Tex.1976). In the period between those two opinions, the Court decided *Western Casualty and Surety Company v. Gonzales, supra.* In that case, Justice Reavley writing for the Court said:

"* * * If the injury to the particular member extends to and affects portions of the body beyond the member, *or if his general health is impaired,* the workman may recover for his general disability pursuant to other sections of the workmen's compensation statute. *Great American Indemnity Co. v. Sams,* 142 Tex. 121, 176 S.W.2d 312 (1944); *General Accident Fire & Life Assur. Corp. v. Murphy,* 339 S.W.2d 392 (Tex.Civ.App.1960, writ ref'd n. r. e.). * * *" (Emphasis added)

Neither of the cited cases either supports the emphasized language or makes any mention of a recovery for workmen's compensation benefits as a result of the impairment of a workman's general health. In the *Murphy* case, the Court said:

"It is true of course, as held in the cases of *Great American Indemnity Co. v. Sams,* 142 Tex. 121, 176 S.W.2d 312, and *Denbow v. Standard Accident Ins. Co.,* 143 Tex. 455, 186 S.W.2d 236, both by the Supreme Court, that to recover for a general injury the effects of the injury to a specific member must extend into and affect the body generally so as to cause disability."

Only four months after the *Gonzales* case was decided, the Supreme Court in the opinion by Justice Denton in *Texas Employers Insurance Association v. Wilson, supra,* said:

"* * * An injured employee, however, is not precluded from the recovering for total incapacity if he alleges and proves that the injury to the particular member also extended to and affected other portions of his body *or has impaired his general health* to such an extent as to totally and permanently incapacitate him. *Western Casualty and Surety Co. v. Gonzales,* 518 S.W.2d 524 (Tex.1975); *Travelers Insurance Co. v. Marmolejo,* 383 S.W.2d 380 (Tex.1964); *Argonaut Insurance Co. v. Newman, supra.* * * *" (Emphasis added)

Both the *Gonzales* case and the *Newman* case contain statements which support the language used by Justice Denton. Also see: *Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company v. Tatom,* 342 S.W.2d 25 (Tex.Civ.App.—Fort Worth 1960, writ ref'd n. r. e.); and *Coleman v. Hartford Accident and Indemnity Company,* 297 S.W.2d 236 (Tex.Civ.App.—Fort Worth 1956, writ ref'd).

But in *Travelers Insurance Company v. Marmolejo, supra,* the Court noted that for a claimant to recover for general disability as the result of an injury to a specific member, he must establish that the injury extended to and affected a part of the body other than the specific member. The Court said the fact that the injury to a specific member has affected the body generally is not enough.

In reaching that result, the Court followed its earlier opinion by Justice Norvell in *Texas Employers' Insurance Association v. Espinosa,* 367 S.W.2d 667 (Tex.1963), which held that headaches, pain and dizziness following an eye injury did not establish of themselves an extension of a specific injury to the eye to the body generally. A similar holding appears in *Texas Employers' Ins. Ass'n v. Bronwlee, supra.* There the Court said:

" * * * 'Where injury results to a particular member of the body, compensation for the loss of which is specifically provided by statute, the liability of the insurer is limited to that amount, even though the loss of or injury to that particular member actually results in total permanent incapacity of the employee to labor. But an employee is not precluded from recovering for total incapacity if he alleges and proves that the injury to the particular member also extended to and affected other portions of his body * *.' * * *"

Those cases formed the basis for the Court's decision in *Texas Employers' Insurance Association v. Shannon,* 462 S.W.2d 559 (Tex.1970), where the Court said:

"The fact that pain alone (as distinguished from an extension of the injury) extends from an injury to a specific member of the body into the body does not make the injury a general one and will not support a finding of general incapacity. *Texas Employers' Ins. Assn. v. Brownlee,* 152 Tex. 247, 256 S.W.2d 76 (1953); *Texas Employers' Ins. Ass'n v. Espinosa,* 367 S.W.2d 667 (Tex.1963)."

Obviously, the headaches, pain and dizziness which the Court wrote about in *Espinosa* and the back pain which the Court noted in *Shannon* impaired each of those workmen's general health. Yet that was not enough to permit recovery for a general injury in either case. And if, as the Court said in *Marmolejo,* the injury must extend to the body generally, a finding that it impairs the general health does not meet that requirement.

Many cases can be found which indicate that the proper issue for the jury's determination is whether the injury to the specific member extends to and affects the body generally or some part thereof other than the specific member.[1] That has certainly been the direction taken by the writers of Texas Pattern Jury Charges, Vol. 2 (1970), in PJC 26.15 to 26.24. We have found only one case where an issue inquired about the injury affecting the workman's general health. *Superior Ins. Co. v. Owens,* 218 S.W.2d 517 (Tex.Civ.App.—Beaumont 1949, writ ref'd n. r. e.). But in that case, such issue was immaterial because the jury found that the injuries sustained by the workman extended to and affected his left shoulder, thus resulting in a general injury, regardless of any effect on his general health. We have found no case where there was an issue which inquired if the specific injury "impaired" the worker's general health, and that was not the issue submitted in this case.

As noted in the opinion by Chief Justice Preslar, there is evidence in this case from which the jury could conclude that the claimant is totally disabled. And if the appropriate issue is an inquiry as to whether his injury extends to and affects his general health, then there is evidence to support the jury's verdict, and the insufficient evidence point should not be sustained.

Unfortunately, we can give no definitive answer to the trial Court who must retry this case. The language in *Gonzales* and *Wilson* support the submission of an issue on impairment of general health. The reasoning in *Brownlee, Espinosa, Marmolejo* and *Shannon* seems to suggest otherwise. Certainly, this Court does not have the final say on what the proper issue should be, and we cannot resolve the question of the prop-

1. *Great American Indemnity Co. v. Sams,* 142 Tex. 121, 176 S.W.2d 312 (1943), (affected the body generally); *Argonaut Underwriters Insurance Company v. Byerly,* 329 S.W.2d 937 (Tex. Civ.App.—Beaumont 1959, writ ref'd n. r. e.), (affected parts of the body other than the arm); *General Accident Fire and Life Assurance Corp. v. Murphy,* 339 S.W.2d 392 (Tex.Civ.App. —Houston 1960, writ ref'd n. r. e.), (affected the body generally); *Petty v. Texas Employers' Insurance Association,* 401 S.W.2d 678 (Tex. Civ.App.—Fort Worth 1966, writ ref'd n. r. e.), (affected the shoulder); *Texas Employers' Insurance Association v. Shannon,* 453 S.W.2d 217 (Tex.Civ.App.—Amarillo), rev'd, 462 S.W.2d 559 (Tex.1970), (affected parts of the body other than the leg); *Western Casualty and Surety Company v. Gonzales, supra,* (affected parts of the body other than the hand); and *Texas Employers Insurance Association v. Wilson, supra,* (affected the body generally).

er issue for these parties, each of whom finds support for their position in recently decided compensation cases. Unless a writ be granted in this case, the trial Judge is left with the next guess, and a recommendation of the Texas Pattern Jury Charges.